[Newsom v. Thornton.]

82 402
101 688

82 402
d127 553
127 554
127 556

# Newsom *v.* Thornton.

*Bill in Equity to enforce Pecuniary Legacy as Charge on Lands.*

1. *Pecuniary legacy; when charged on land.*—Pecuniary legacies are, ordinarily, payable only out of the personal assets, unless made chargeable on the real estate by the terms of the will, either expressly or by implication; and while a general or residuary devise of lands, "after the payment of legacies," charges those lands with the payment of legacies, the words will not be construed to apply to a specific devise in a former clause of the will, to which particular conditions are annexed, though the devisee is also nominated as executor.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 18th July, 1883, by L. B. Thornton, as the administrator of the estate of Mrs. Elizabeth W. Johnson, deceased, against Whitmell R. Newsom, both individually and as executor of the last will and testament of Whitmell Rutland, deceased, and several other persons ; and sought a money decree against said Newsom, both individually and as executor, for the amount due on a legacy of $2,000, bequeathed by said testator's will to the complainant's intestate, and to have it declared a charge on certain lands specifically devised to said Newsom by the terms of the will, portions of which he had sold and conveyed to his co-defendants.

The testator died in December, 1856, after having made and published his last will and testament, which was dated January 2, 1855, and duly admitted to probate after his death, letters testamentary being granted to said W. R. Newsom. The will contained the following provisions : A devise and bequest to the testator's daughter, Penelope M. Newsom, of one half the land bought of A. Barton, to be divided by a line running north and south, with slaves and other personal property, and these words were added : "And it is my desire that my daughter, Penelope M. Newsom, shall continue in, and have free use of my dwelling house, so long as she remains a widow, and all of my stock of cattle, hogs, horses and mules, at my Wheeler plantation." Then follow six specific legacies of slaves to different grandchildren ; a pecuniary legacy of $2,000 to Mrs. Johnson, his daughter, the complainant's intestate, "to be paid unto her, so soon as possible, out of my estate ;" pecuniary

[Newsom v. Thornton.]

legacies to two grandchildren; specific legacies to two others; and then the following clause: " I give and bequeath unto my grandson, Whitmell Rutland Newsom, upon conditions hereinafter expressed, the two quarter-sections of land I bought of C. D. Barton and wife," describing them by numbers, "and the east half of my lands according to quantity, to be divided between him and his mother by a line running north and south, parallel with the section lines, so that all the buildings may be on the part allotted to my said grandson; reserving, however, the life-time of his mother, should she never marry, the said Penelope M. Newsom, in and to the dwelling-house and out-houses, for the benefit of her family so long as she may live. I also give and bequeath unto my said grandson, Whitmell Rutland Newsom, the following described lands," describing them by numbers. "Also, I give to my grandson, Whitmell Rutland Newsom, upon the same conditions, all the remainder of my estate not already given away, including negroes, stock of every kind, crop of every description that may be growing or housed, provisions of every kind, including notes, money, accounts and claims which I may have at my death, including also the increase either by death or purchase, after the payment of all my debts and specified legacies. My will and desire is, that all the property given conditionally to my grandson, Whitmell Rutland Newsom, shall be kept together and worked on the lands; and that my brother, Turner Rutland, now living with me, may be and remain on the farm, and be supported by his nephew, Whitmell R. Newsom, so long as the said Turner may live. Now, my will and desire is, that should my grandson, Whitmell Rutland Newsom, die leaving no legitimate issue living at his death, then, and in that case, all the property of every kind and description, herein devised conditionally to him, shall go to and belong to my grandson, John Newsom; and in case my grandson, John Newsom, should die and leave no legitimate issue living, shall go to and belong to my granddaughter, Frances Penelope Newsom, and her heirs forever. Lastly, I nominate my grandson, Whitmell Rutland Newsom, sole executor to this my last will," &c.

The chancellor overruled a demurrer to the bill, and, on final hearing on pleadings and proof, rendered a decree for the complainant, charging the pecuniary legacy to Mrs. Johnson on the lands specifically bequeathed to said Whitmell R. Newsom; and his decree is now assigned as error by the defendants.

R. C. BRICKELL, and HUMES & SHEFFEY, for appellants.

[Newsom v. Thornton.]

No counsel appeared in this court for the appellee, so far as the record and the dockets show; and there are no briefs on file.

CLOPTON, J.—The title of the appellee, who brought the bill, to the relief granted by the chancellor, depends upon the determination of the question, whether the pecuniary legacy, given to his intestate by the will of Whitmell Rutland, is a charge on the lands devised to Whitmell Rutland Newsom, who was also the nominated and qualified executor. If this question is held adversely to complainant, it will be unnecessary to consider any minor or incidental question presented by the record.

The will was drawn by an unskilled draftsman, inartificially, and without regard to proper punctuation, capitalization, or a proper separation of the several clauses. After making a devise and bequest of land and personal property to one of the daughters of the testator, bequests of personal property to several of his grandchildren, pecuniary legacies to another daughter and two grandchildren, a devise of lands, upon conditions thereinafter expressed, to Whitmell Rutland Newsom, followed by a residuary clause, giving to him the residue of the estate, the will contains a qualification or limitation, expressed in the following terms: "*after the payment of all my debts and specified legacies.*" One of the specified legacies is, the legacy to Elizabeth W. Johnson, who is complainant's intestate, of two thousand dollars, to be paid to her as soon as possible out of the estate; and the purpose of the bill is, to enforce a charge on the lands devised to Whitmell Rutland Newsom, for the payment of the legacy.

Ordinarily, the personal assets constitute the primary, and *prima facie* the exclusive fund, from which pecuniary legacies are to be paid. They are not charges on the real estate, unless the testator so directs, either expressly or by implication. There are no explicit words in the will creating such charge; and when it is sought by implication, the expressions and dispositions of the will, its whole tenor, should satisfy the court of construction of the intention of the testator, that, though the personal assets may be insufficient, the pecuniary legacies shall be paid at all events. In the present case, no question arises as to the consideration of extraneous circumstances, none being alleged or proved. The intention of the testator must be inferred from the provisions of the will, and the circumstances apparent on its face.—*Taylor v. Harwell,* 65 Ala. 1.

In this State, a devise of lands, "after the payment of

*debts*," does not create a charge by implication. The doctrine is considered as opposed to the spirit and policy of our statutes, which charge the whole property of the decedent, real and personal, not exempted, with the payments of his debts, and provide for its sale for this purpose. *Starke v. Wilson*, 65 Ala. 576 ; *Lewis v. Ford*, 67 Ala. 143. The rule in respect to debts, on the ground upon which it is rested, is inapplicable in the case of legacies. Where debts and legacies are charged together, they are not, under our decisions, considered as placed on an equal footing. As to the latter, the established canons of construction apply ; but the court will not be forward to avail of circumstances to onerate the land. It is well settled, that when the testator directs the devisee to pay legacies ; or devises land, or the *residuum* of his estate, real and personal, after the payment of legacies, the real estate is charged. There can be no question, that the language—" *after the payment of all my debts and specified legacies*"—does constitute the specified legacies a charge on the property referred to. The sole question is, does this language refer to the lands devised to Whitmell Newsom?

The devise is specific. The words, which, it is claimed, create the charge, are at the end of, and accompany the residuary clause. Generally, in the cases in which the terms of the residuary clause have been held sufficient to onerate land with the payment of legacies, the testator, having given pecuniary legacies without designating a fund for their payment, gave the residue of his estate, real and personal, blended in a common fund ; there being no previous devise of portions of the real estate.—2 Jar. on Wills, 604. The inference is deduced on the principle, that he must have intended the *residuum* after paying the legacies, as otherwise there could have been no residue.—*Paxson v. Potts*, 2 N. J. Eq. 313.

In *Couzon v. Couzon*, 7 H. L. Cas. 168, the testator, after having devised freehold estates to trustees for a term of years, to pay an annuity to his wife and to one of his sons for life, the estate on the death of the son to go to his sons in tail male ; having given other lands to other sons ; and having created and given legacies, directing the properties to fall, in certain events, into his residuary estate,—added at the end of the will, which also contained a residuary clause, embracing property both real and personal : " In case my personal and chattel property shall be inadequate to the payment of the pecuniary legacies bequeathed by this my will, the deficiency shall be paid out of my real and freehold estates, and I hereby charge and incumber the

[Newsom v. Thornton.]

same with the payment thereof;" and by codicil said : "I charge and incumber all my estates of every description, both real and personal, with the following legacies;" being some additional pecuniary legacies. It was held, that the legacies were not charges on the specifically devised estates. Alluding to a decision of Lord MANNERS, in *Spong v. Spong*, on a will containing substantially similar provisions, the lord-chancellor says : "The principle which I collect from that case is, that where there is a specific legacy or devise once given in a will, the presumption is that it is the intention of the testator that the legatee or devisee should have it as it is given, in its integrity, and without derogation ; and that a general charge, which in terms may comprehend the specific bequest or devise, is not sufficient, of itself, to show an intention to take it away again." And Lord CRANWORTH says : "The rule is, that the presumption is against an intention to charge lands specifically devised, and that a mere charge 'on all my lands,' is not sufficient to rebut the presumption." The principle settled in *Spong v. Spong*, 3 Bli. N. R. 84, was re-examined and re-affirmed.

We do not make these citations, as expressive of our concurrence in the particular application, but as a forcible statement of the rule, and as illustrating the strength of the presumption in favor of the exoneration of lands specifically devised. It is unnecessary for us to go so far, as the will under construction contains no general charge, which comprehends in terms the specific devise. Whether it is included in the charge as created, is matter of implication. The principle settled by the decisions is, that in construing charges of legacies, specific and residuary devises are to be distinguished, though for many purposes of a common nature. It is not a case of blending. A specific devise or bequest separates a part of the property from the rest, which ordinarily is not subject to the provisions of the will as to the residue. A residuary clause, to have of itself the effect of creating a charge, must embrace all the real estate; otherwise, it will be presumed that the testator intended only that portion which had not been previously given. The gift of a pecuniary legacy, followed by a devise of the residue of the estate, real and personal, will not by itself create a charge for its payment on lands previously disposed of in the will.—2 Lead. Cas. Eq. 348; *Lupton v. Lupton*, 2 Johns. Ch. 614. The expression, "to be paid unto her as soon as possible out of my estate," does not rebut the presumption.

It may be contended, that payment of the specified legacies is one of the conditions upon which the devise is made;

as included in the words, "upon conditions hereinafter expressed." Such seems to be the theory upon which the decree is founded. It is apparent from the structure of the will, that the expression of the conditions was reserved until all the devises and bequest to Whitmell Newsom were provided; until the property given to him was sufficiently designated, and the whole estate disposed of. The conditions to be expressed apply only to the property conditionally given to him, not as affecting its *quantum*, but the nature of the gift, the management, control, and preservation of the property, and the continuance of the estate. Such conditions, thereinafter expressed, are contained in the provisions of the will which follow the residuary clause, and the language on which the charge is rested; and which provide, that the property given conditionally shall be kept together and worked on the land, and that the brother of the testator shall remain on the farm, and be supported so long as he may live; and for the disposition of the property, in the event that Whitmell Newsom should die leaving no lawful issue surviving him. The residue of the estate is given, as expressed in the residuary clause, *"upon the same conditions;"* which words refer to the conditions alluded to in the previous devise to be afterwards expressed. The words, "after the payment of all my debts and specified legacies," constitute a substantive and distinct clause, having no reference to the conditions referred to in the devise. They were intended to qualify, in respects other than the conditions upon which the devise of the land is made, and to mean something not expressed by the words, "upon the same conditions." Their application to qualify and define the amount of the remainder of the estate, which should pass by the residuary clause—being what may remain after payment of debts and legacies—is the natural and ordinary use and meaning of the words, as collocated in the will.

The devisee is not the heir of the testator. The mere circumstance that he is also the executor, does not suffice to charge lands specifically devised. The will does not specially direct by whom, or how the legacies shall be paid. The duty and liability to pay them devolves on him in his executorial capacity, and not as devisee. As he might have renounced the executorship, without impairing the devises and bequests to him, so he may accept it, without incumbering the devised lands with any charge not otherwise imposed by the will. The construction should be the same as if a stranger had been appointed executor, and not varied as a devisee, not being an heir, may or may not accept the appointment.—*Paxson v. Potts, supra.*

[Dozier v. Robinson.]

The will was made in 1855. On examination of all its provisions, it clearly appears that the testator supposed, and made his will on the supposition, that his personal estate was amply sufficient to pay his debts and the specified legacies, and to leave a residue, and that there would be no occasion to charge the lands with them. The presumption is, that he intended the legacies to be paid out of the same estate from which he had also given specific legacies of personal property, being the fund which is by law primarily, and *prima facie* exclusively, devoted to such purpose. The testator could not have intended that the pecuniary legacies should be paid at all events, to the impairment of the integrity of a specific devise to one who seems to have been the special and favored object of his bounty. In this connection, the reservation, that the daughter of the testator, and mother of the devisee, shall have the right or privilege to occupy the dwelling and out-houses on the devised lands, during her widowhood or life-time, is significant of the intention of the testator.

From the expressions and dispositions of the will, and the circumstances apparent on its face, a charge of the pecuniary legacies on the specifically devised lands can not be implied, without disregarding settled rules of presumption and construction. The presumption of an intention that the devisee should take the lands, without such incumbrance or dimunition, must prevail.—*Davis v. Gardner*, 2 Pr. Wms. 187.

Decree reversed, and decree will be here rendered dismissing the bill.