# Gorman *et al. v.* McDonnell, *et al.*

*Bill in Equity to enforce Pecuniary Legacy as Charge
upon Land.*

1. *Pecuniary legacy; when charge upon land.*—While the general
    rule is that pecuniary legacies are not chargeable upon lands,
    unless the intention to so charge them is manifested by ex-
    press words in the will or by fair implication, if at the time
    of making the will the testator had no personalty, or not
    sufficient, to pay the pecuniary legacies, and in his will the
    testator makes no distinction between his real estate and
    his personalty, and apparently deals with both species of
    property as a common fund, out of which his dispositions are
    to be effectuated, and the only disposition of land embraced
    in the will is of all "the rest, residue and remainder of his
    estate, both real and personal," after providing for the pe-
    cuniary legacies in the first part of his will, such pecuniary
    legacies are chargeable upon the real estate of the testator.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. THOMAS H. SMITH.

Eugene McDonnell died in Mobile county in October,
1891, and left a last will and testament. This will
was duly probated by the probate court of Mobile county
in November, 1891. The widow, Mary McDonnell, died

[Gorman *et al.* v. McDonnell *et al.*]

in the summer of 1898. In February, 1899, Patrick H. O'Connell, the executor of the said Eugene McDonnell, deceased, filed the present bill in the chancery court of Mobile against the heirs of Eugene McDonnell and the legatees and devisees under the will of said Eugene Mc-Donnell.

The bill avers that all of the debts of said Eugene McDonnell, deceased, have been paid, but that the expenses of the last illness and funeral of his widow, Mary McDonnell, deceased, which were directed in his will to be paid, were not paid; that by the terms of his testator's will he bequeathed two hundred and fifty dollars to Bridget Gorman, and two thousand dollars to the children of Patrick H. O'Connell by his daughter, Mary Ann McDonnell O'Connell; that none of these bequests have been paid for the reason that the estate had no money or personal property to pay or defray them; that when said Eugene McDonnell died the only property which he possessed was the truck farm wherein he resided and a small amount of personal property consisting mainly of household and kitchen furniture and farming utensils; that it will be necessary to sell all of the real and personal property of his testator to pay the expenses of the last illness and funeral of Mary McDonnell, deceased, the legacies mentioned in his will, and make distribution of the balance among his children; that an equitable partition or division of the property of his testator can not be effected except by a sale thereof, and that the jurisdiction of the probate court is inadequate to order a sale of lands or other property for the purpose of paying legacies.

The prayer of the bill is that the further administration of the estate of said Eugene McDonnell, deceased, be removed from the probate court into the chancery court; that all of the land and personal property described in the bill be sold for the purpose of paying the funeral expenses of Mary McDonnell, deceased, the legacies mentioned in his will, the distribution of the balance among his children, and, finally, for a final settlement of the administration of the estate of said Eugene McDonnell, deceased.

[Gorman *et al.* v. McDonnell *et al.*]

The bill was subsequently amended so as to aver "that the said Eugene McDonnell, deceased, at the time of making his said will, and at the time of his death, did not have money to pay the legacies mentioned in said will; nor did he have personal property of any kind, which if sold would be sufficient to pay all of said legacies or any one of them. None of said legacies have been paid for the reason that the funds of the estate were wholly insufficient to pay them."

Four of the defendants demurred to so much of the bill of complaint as seeks to have the lands belonging to the estate of Eugene McDonnell sold for the purpose of paying the legacies mentioned in the will of Eugene McDonnell, upon the ground that said legacies were not charges upon said real estate by the terms of the will.

Upon the submission of the cause upon these demurrers the chancellor rendered a decree sustaining them. From this decree others of the defendants, Bridget Gorman and others, appeal, and assign the rendition thereof as error.

SULLIVAN & STALLWORTH and L. H. & E. W. FAITH, for appellants.—Pecuniary legacies are chargeable on lands, if the intention to charge them is manifested by express words, or by fair implication.—*Taylor v. Harwell*, 65 Ala. 1; *Newsom v. Thornton*, 82 Ala. 402.

Legacies may be charged upon real estate without express direction, if the intention of the testator so to do can be fairly gathered from all the provisions of the will; and extraneous circumstances may be considered in aid of the terms of the will.—*Hoyt v. Hoyt*, 85 N. Y. 142; *Jackson v. Bellinger*, 18 Johns. 381.

It is a rule in England, that if legacies are given generally, and the residue of the real and personal estate is afterward given in one mass, the legacies are a charge on the residuary real as well as the personal estate. *Greville v. Browne*, 7 H. of L. Cas. 689. The English rule has been substantially adopted without modification in the courts of the United States and most of the States.—13. Amer. & Eng. Encyc. of Law, 117, and citations; *Ex parte Dickson*, 64 Ala. 188.

[Gorman *et al.* v. McDonnell *et al.*]

While it is true that ordinárily lands are not charge-able with the payment of general pecuniary legacies, still this rule is not one of universal application, and is not so unbending as it will not yield to another rule of · equal dignity and force which allows a testator to blend or mix his realty and personalty in the creation of a source or fund for the payment of his general pecuniary legacies.—*Carter v. Balfour*, 19 Ala. 814; *Lewis v. Dar-ling*, 16 How. (U. S.), 1; *Mayberry v. Grady*, 67 Ala. 147; *Pulliam v. Pulliam*, 10 Fed. Rep. 40.    See also· *Atmore v. Walker*, 46 Fed. Rep. 429; *Bank v. Hayes*, 12 Fed. Rep. 663; *Bank v. Donaldson*, 7 W. & S. (Pa.), 410; *Nichols v. Postlethwaite*, 2 Dallas, 131; 13 Amer. & Eng. Encyc. of Law, 117, and note.

JOHN R. TOMPKINS, *contra*, cited *Taylor v. Howell*, 65 Ala. 10; *Newson v. Thornton*, 82 Ala. 402.

McCLELLAN, C. J.—The only question presented by this record is whether pecuniary legacies in the will of Eugene McDonnell are chargeable upon his real es-tate.    The will so far as it bears upon· this question is as follows: *"First.*—My will is that all my just debts and funeral expenses shall by my executors hereinafter named, be paid out of my estate as soon after my death as convenient.    *Second.*—I hereby give, bequeath and devise until my faithful friend and cousin, ·Bridget Gorman, two hundred nad fifty dollars and direct my said executors to pay said legacy out of my estate as soon after my decease as convenient.    *Third.*—It is my will that all the residue of my property of every de-scription be held intact and kept together by my said executors for the support and comfort of my beloved wife, Mary M. McDonnell during her lifetime, that said property be managed to the best advantage by my said executors, and the net income from same be paid semi-annually during her. life to my beloved wife Mary for her maintenance.    *    *    *    *Fifth.*—I direct my said executors upon the death of my beloved wife Mary to pay out of my estate the expenses of her last illness and her funeral expenses.    *Sixth.*—I hereby give, bequeath

and devise unto the children of Patrick H. O'Connell,. by my daughter Mary Ann O'Connell, his wife, two thousand dollars, but said legacy is not to be paid during the lifetime of my beloved wife Mary McDonnell, and then is to be safely invested by my said executors. until the youngest of said children attains the age of twenty-one years when said two thousand dollars and accumulated interest thereon shall be distributed equally among said children, if more than one be then living. *Seventh.*—I hereby give, bequeath and devise the rest, residue and remainder of my estate, both real and personal, of every kind to my surviving children equally, share and share alike." The testator at the time of his death had considerable real property and some personalty, all of which is described in the bill, and it is therein averred that "said Eugene McDonnell, deceased, at the time of making his said will and at the time of his death, did not have money to pay the legacies mentioned in said will; nor did he have personal property of any kind which if sold would be sufficient to pay all of said legacies or any one of them. None of said legacies. have been paid for the reason that the funds of the estate were wholly insufficient to pay them." The will was executed in 1882, the testator died in 1890, and his. widow survived till 1898.

The chancellor on demurrer to the bill held that the legacies were not charged upon the land of the estate, basing his ruling on the cases of *Newsom v. Thornton,* 82 Ala. 402, and *Taylor et al. v. Harwell et al.,* 65 Ala. 1. There are some controlling distinctions between those cases and this one. In *Newsom v. Thornton,* the testator at the time of executing the will and at the time of his death had a large personal estate, amply sufficient to pay all the pecuniary legacies; and they would have been paid out of the personalty but for its loss and destruction in the Civil War. Hence, he having no anticipation that it would be necessary to subject his realty to the payment of the legacies, could not be said to have intended to onerate them upon the land. On the case here presented the testator at no time had sufficient personal estate to pay either of the pecuniary legacies

given by his will, and thence arises an implication of more or less force that he must have intended for them to be paid out of the land. Another important distinction between *Newsom v. Thornton* and this case grows out of the facts that the land sought to be onerated there was specially devised by identifying description in the forepart of the instrument, and toward its close there was a residuary clause disposing of all the remainder of the estate after the payment of debts and pecuniary legacies previously given; while here the pecuniary legacies are first set down and afterwards comes the residuary clause giving, bequeathing and devising the "rest, residue and remainder" of the estate, "both real and personal of every kind" to his surviving children; and this is the only disposition of the real estate made by the will, and in this clause, as indeed throughout the will, the realty and personalty are blended together as constituting but one fund for all the purposes of testamentry disposition. The case of *Taylor et al. v. Harwell et al.* is also clearly distinguishable from the case at bar. There the pecuniary legacy was specially directed to be paid out of the rents, incomes and profits of a certain plantation at the time of the testator's death, fully equipped with slaves, live stock and implements, and which for aught that could be foreseen would produce incomes and profits largely in excess of the legacy. There is in this case no such special appointment of a fund for the payment of the legacies, and there in fact existed no fund for their payment apart from the land. Those cases, we conclude, are not authority for an exoneration of the land of the estate in this case.

But the general principles recognized in those cases have, of course, a pertinency here, and their application to this will, considered in connection with the circumstances surrounding the testator disclosed by the bill, leads, in our opinion, to a conclusion opposed to that reached in the court below. The general rule undoubtedly is that pecuniary legacies are not chargeable on lands, unless the intention to so charge them is manifested by express words, or by fair implication from the

provisions of the will, read in the light of the environment of the testator and his estate.. The difficulty arises, when, there being no express declaration, we come to consider whether the words of the testator taken with the circumstances surrounding him and his property do or do not afford a fair implication of an intention on his part to charge the legacies upon his realty. The fact that the testator had no personalty, or not sufficient, to pay the pecuniary legacies is of importance as tending to show that he must have intended their payment out of the realty. So the facts that the pecuniary beneficiary is the natural object of the testator's bounty, as a child or grandchild, and no other provision is made for such beneficiary; but this consideration is weakened in its application here for that one of the pecuniary legatees is a more distant relative—a cousin and "faithful friend"—and the others are his grandchildren, the issue of a surviving daughter who takes under the residuary clause, and in respect of whom it may be said that it is unusual for testators to provide except through their living parent of the testator's blood, and who are provided for under the eighth clause of the will in connection with the residuary item. Still, of course, the testator must be accorded an intent to provide for them and for his cousin as he has set forth in his will. Another important consideration, going to sustain an implication of intention to charge the land, is that the testator makes no distinction in this will between his real estate and his personalty, but apparently deals with both species of property as a common fund out of which his dispositions are to be effectuated. He refers expressly only once to the two kinds of property, and that in the residuary clause only for the purpose of covering both in the phrase "my estate," and it is by this collective term "estate," embracing realty and personalty, that he describes the subject-matter with which he is dealing throughout the instrument. Of this consideration it was said by the Supreme Court of the United States: "The testator has made bequests of money antecedently to the residuary clause, without creating an express trust to pay them, and has blended the realty and

personalty of the estate together in one fund in the residuary clause. That of itself makes his bequests of money a charge upon the real estate, excluding from it. [as was done in *Newsom v. Thornton, supra*] the previous devises of land to Fenwick, Wallace, and to John and Fernando Arredondo."—*Lewis v. Darling,* 21 U. S. (16 How.), 1. And yet another indication of the testator's intention to charge the legacies on land is predicable upon the bare fact that the only disposition of land embraced in the instrument is of the "rest, residue and remainder" of his estate of lands and personalty, and as no part of the land had been required to pay testator's debts, or the funeral expenses, etc., of himself and his widow, and presumably from his point of view in the execution of the will no part of it would be necessary for those purposes, his reference to his estate of real and personal property as a residue and remainder goes to show a contemplation on his part that some part of the land would be taken to pay the pecuniary legacies. The principle obtaining in this connection is thus stated in *Newsom v. Thornton, supra*: "Generally, in the cases in which the terms of the residuary clause have been held sufficient to onerate land with the payment of legacies, the testator, having given pecuniary legacies without designating a fund for their payment, gave the residue of his estate, real and personal, blended in a common fund; there being no previous devise of portions of the real estate.—2 Jar. on Wills, 604. The inference is deduced on the principle, that he must have intended the *residuum* after paying the legacies, as otherwise there could have been no residue.—*Paxson v. Potts,* 2 N. J. Eq. 313."—*Gilkey v. Pollak,* 82 Ala. 504. And to this proposition *Lewis v. Darling, supra,* is an authority, as is *Newsom v. Thornton* to the proposition considered next above.

The exigencies of this case do not require us to go to the length of the Supreme Court of the United States in *Lewis v. Darling;* but the view there taken in connection with the other considerations to which we have adverted enforce the conclusion that the will of Eugene

[Wright v. Waller.]

McDonnell, interpreted by the aid of the extraneous facts laid in the bill, by fair implication charges the pecuniary legacies to Bridget Gorman and to the children of Patrick O'Connell, testator's grandchildren, upon the real property of the testator.

No question is made by motion as to the regularity of the present appeal, and we do not consider whether it is properly taken or not.

The decree of the chancery court sustaining the demurrer to the bill is reversed, and a decree will be here entered overruling the demurrer and allowing respondents thirty days in which to answer.

Reversed and rendered.