This cause was assigned to the writer, and the following opinion prepared, in which Justices MAYFIELD and SOMERVILLE concur, but upon consideration of the cause in consultation, the same did not meet the approval of the majority of the court. We have thought, however, the questions treated as of sufficient importance to justify an explanation of our view, and therefore adopt the following as our dissenting opinion:
The purpose of the bill in this cause was the enforcement of a contract alleged to have been entered into between the testator, J. H. Cook, and the complainant, whereby it was agreed that for a certain consideration the said J. H. Cook would devise and bequeath to complainant all of his estate.
It was held upon the former appeal that, such contract being oral, and no facts being alleged to bring the agreement within the *Page 51 
excepting clause of the statute of frauds, as to the real estate the same was void and unenforceable, but valid and binding as to the personalty. The opinion recognized the superiority of complainant's claim over that of devisee Watts, so far as the personal estate is concerned.
The contract therefore being binding so far as the personal estate was concerned, to somewhat simplify matters we may read the will as providing: First, for the payment of the debts; second, as bequeathing to the complainant all the personalty owned by the testator at the time of his death; third, the bequest to Watts of $5,000; and, fourth, the remainder of his estate to his widow, Marie B. Cook.
The assignment of demurrer most strenuously insisted upon as being well taken by counsel for appellee is that pointing out the failure of the bill to allege there was sufficient personalty with which to pay the debts.
The original bill disclosed that the testator owned 25 shares of bank stock of the par value of $100 per share, as well as other personal property. And counsel for appellee argue upon the theory that, before complainant would be entitled to the enforcement of the contract for the bequest as to the personal property, it must appear there was sufficient personalty with which to pay the debts. True, as a general rule, in administration of estates the personalty is primarily liable for the payment of the debts, but the argument overlooks the very broad and liberal provision of the will in this respect.
Item 1 of the will clearly authorizes the payment of the debts by the executors out of any portion of the estate, real or personal, expressly authorizing the executors to sell for that purpose "such portions of my property as may in their judgment be best." Thus it is left to the executors to elect as to what portion of the estate shall be subjected to the payment of the debts. The bill shows an equitable right on the part of the complainant to the enforcement of this contract, and we see no reason why a court of equity, in order to protect the right of the complainant, should not compel the executors to elect to pay the debts out of the real estate so as to leave the personalty to be applied to complainant's claim, pursuant to the contract.
We are therefore of the opinion that this point was not well taken, and that, under the terms of the will, and as shown in the statement of the case, it was not necessary that it be shown that the personal property was sufficient for the payment of debts.
Another assignment of demurrer takes the point that the legacy to Watts was for services rendered, and therefore to be protected as a debt of the estate. We are of the opinion that this contention is not well taken. The first item of the will provides for the payment of the debts, and the second item bequeaths to said Watts the sum of $5,000. The testator did not treat or consider the bequest to Watts as a debt, provided for by item 1, and we think had he done so the language employed would have been entirely different. The bequest is made, as expressed in the will, on account of the "long friendship existing between us," also "for services which he has rendered me in the past," and then concludes, "I hereby give and bequeath to Edward S. Watts * * * the sum of five thousand dollars." In item 3 the distinction is again made between his debts and his bequest to Watts, wherein is the expression, "after the payment of my debts and said bequest to said Edward S. Watts." We think it clear that the bequest to Watts was a voluntary gift only, and that this contention is without merit.
The point is further taken by demurrer that the contract was void for want of mutuality of obligation, because the complainant was a minor at the time it was entered into, but as the bill shows full performance by complainant — who is now of full age — of her part of the contract, we think this sufficient answer to this objection. 36 Cyc. 631, and authorities there cited.
By the amendment to the bill, the complainant sought to bring herself within the holding of this court on the former appeal, and to subject so much of the personal estate as liable therefor to the satisfaction of her claim; and, in the event of an insufficient amount of personalty for that purpose, to have the deficiency supplied by a sale of the real estate. We think the demurrer for indefiniteness or uncertainty was not well taken.
So far as obtaining a satisfaction of her claim from the real estate is concerned, we are of the opinion that this portion of the special prayer for relief must be denied, as such would be but permitting the complainant to do indirectly what it has been held, by reason of the statute of frauds, she could not do directly. But, as before noted, and as held on the former appeal, the claim of complainant is superior to that of Watts, and while it may result that under the language of the will, construed in the light of all the facts and circumstances surrounding the testator and his estate, the bequest to Watts may be satisfied out of the real estate under the ruling of Gorman v. McDonnell, 127 Ala. 549, 28 So. 964, yet this is a question not at this time presented for consideration. This appeal being only upon the ruling on demurrer to the bill as amended, we are not therefore called on to express an opinion concerning the same. If such, however, should be the result, it still would give to the complainant no right to share in the proceeds of the sale of the real estate because the same was subjected to the payment of such legacy. Her claim is against the personalty, *Page 52 
and to that alone can she look for satisfaction.
Consideration was given upon the former appeal, looking to the further progress of the cause, to the claim of the respondent Marie B. Cook, the widow of said testator, and the expression was made that complainant's contract would not be enforced against said widow, at least without important limitations, if she married the testator without knowledge of his agreement to devise and bequeath his property to complainant, citing Owens v. McNally, 113 Cal. 444,45 P. 710, 33 L.R.A. 369. The will was not then before the court, and, as it now appears, contained provisions different from those presumed by the court from the language of the original bill. While this observation was timely, yet it was still unnecessary to a decision of the cause, as such matter did not appear upon the face of the bill, and needs some slight qualification.
In the case of Owens v. McNally, supra, no will was involved, and the opinion merely recognized the well-known rule that specific performance will not be decreed in any case where it will be harsh and unjust to innocent third parties; and the conclusion was reached in that case under all the facts and circumstances that, as the widow married the intestate and continued to live with him, in ignorance of the contract until after his death, the right of heirship and succession which she acquired by the law should not be disturbed by the enforcement of the contract to the complainant.
It therefore clearly appeared in that case that the rights of the widow would have been very materially affected by the enforcement of the contract, and she, although innocent, would be made to suffer thereby.
In the instant case, the widow has taken, not by law, but by the will. She had the choice of taking under the will, or dissenting therefrom and accepting that which the law provided. Of course, if before her acceptance under the will she had knowledge of this contract, although she might have been ignorant thereof at the time of her marriage, this might also affect the question as to whether or not it would be inequitable to enforce the contract against her — a matter upon which we need not now express an opinion. But, in any event, in order to bring into play the principles recognized in Owens v. McNally, supra, it must be made to appear that the widow has suffered some injury, or that her just rights have been seriously interfered with before it could be said that these equitable principles should deny complainant relief.
The testator died without issue, and it may result that under the will, even after subjecting the personal property to the satisfaction of complainant's claim, the respondent widow would receive a greater share of the estate than she would have received had her husband died intestate.
However, these are matters which we think are properly to be brought forward by answer, but we have thought it not inappropriate to indulge in this discussion under the circumstances here presented.
So far as appears from any averment of the bill, it is our opinion that complainant is entitled to subject all of the personalty to the satisfaction of her claim, and if there are any reasons resting upon equitable grounds which would deny this relief, they should be made to appear by answer. If the complainant has not sought by the amended bill all to which she is entitled, that is a matter of which, of course, the appellee does not complain, and as to which she may amend her bill, if so desired, upon timely application to the trial court.
We have here considered only the demurrer to the bill as amended, and what we have here said discloses our view that these assignments of demurrer were not well taken, and should have been overruled. We therefore respectfully dissent.
MAYFIELD and SOMERVILLE, JJ., concur in the above.