# Holt, *et al. v.* Hermann & Hynde.

### *Assumpsit.*

(Decided December 4, 1913. Rehearing denied February 5, 1914. 64 South. 431.)

1. *Wills; Construction; Time.*—A will speaks ordinarily from the date of the death of the testator, and not from the time of its execution.

2. *Same; Intentions.*—If not inconsistent with law or public policy the intention of the testator controls in the construction of a will.

3. *Same; Property Passing.*—The will considered and construed in the light of the changes made in the lots by the testatrix, while in life, and it is held that the three lots created by the changes made by the testatrix after the execution of the will passed to the devisees of the two lots specifically devised, and did not pass under the general residuary clause.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Assumpsit by William A. Holt and others, by next friend, against Hermann & Hynde. From a judgment for defendants, plaintiffs appeal. Affirmed.

The will after devising certain property to two daughters and a son, contains the following:

Item 7: "I give and devise and bequeath unto my grandson William A. Holt the house and lot on the southeast corner of Lawrence and *Eslava* streets in the city of Mobile."

Item 8: "I give and bequeath and devise unto my grandson Eugene Holt the house and lot on the south side of *Eslava* street, second *east* of *Lawrence* street, in the city of Mobile.

"All the rest and residue of my property, of every kind and description, I give, devise and bequeath unto my five children and two grandchildren, taking their mother's share, share and share alike."

The will was dated February 13, 1903. The plaintiffs in the case were the beneficiaries named in items 7 and 8, and it was agreed that all the beneficiaries named in the will are living, and that at the date of the will the testatrix was in the actual possession of a lot of land in the southwest corner of *Elmira* and Lawrence streets, and that subsequent to a purchase the said testatrix had built thereon two houses facing *Elmira* street, and extending back parallel, or nearly so, with Lawrence street, and that she had erected upon the south line of said lot a shed for housing fuel, and also certain closets. It is further agreed that subsequent to the making of said last will and testament, and during her life, testatrix erected upon the southern portion of said lots another house, and in order to do this it was necessary to have said shed and closets torn down and moved. She also had erected a fence as shown by the map. It is further agreed that this condition of three separate houses and three separate tenants of three separate portions of one lot, divided from each other by partition fences on all sides where they join, continued to exist

at the time of the death of said testatrix, and still con-
tinues to exist.   It is agreed further that defendants.
were the agents of said testatrix during her life for the
renting of said property, and have continued to be the
agents for renting of the property since her death.   It
is further agreed that, by the tacit consent of all the
heirs, legatees, and devisees of testatrix, defendants col-
lected the rents from the three houses for the benefit of
such said heirs, devisees, and legatees as might be just-
ly entitled thereto, and that since the decision in the
case of *Holt v. McEvoy,* 52 South. 323, on the 21st day
of April, 1910, by the Supreme Court of Alabama, said
defendants have continued to rent said property, as the
agents of *James McEvoy* and *Elizabeth McEvoy;* said.
James J. being the owner of the house nearest the cor-
ner of Lawrence and Elmira streets, and the said Eliz-
abeth being the owner of the house situated upon the
south side of Elmira street next *west* of James J. Mc-
Evoy's house, and the said *Elizabeth and James* togeth-
er claiming the house situated upon the *rear* of said lot.
By item 1 of the will, in addition to other property,.
Elizabeth McEvoy is given the house and lot now in-
closed by fences on the northeast corner of Lawrence
and Madison streets, and also the house and lot on the
south side of Elmira street, second *west* of Lawrence
street.   By item 6 of the will James J. McEvoy is given.
the house and lot on the *southwest* corner of *Elmira* and
Lawrence streets in the city of Mobile.   The action is
to collect from the agents the rent of the *three houses*
last above mentioned.

FREDERICK G. BROMBERG, for appellant.   The will
speaks only from the death of the testator.—Sec. 6155-6,.
Code 1907; *Blakeney v. DuBose,* 167 Ala. 627; L. R. 1
Chancery.   The case of *Holt v. McEvoy,* 166 Ala. 358,.

is without application to the case at bar. Counsel discusses the different items of the will and insists that the three lots in question passed under the general residuary clause and not under the two lots specifically devised.—*Banks v. Jones*, 60 Ala. 605.

SULLIVAN & STALLWORTH, for appellee. The cardinal rule in the construction of the will is to ascertain and give effect to the intention of the testator if not contrary to the law or public policy.—*Smith v. Smith*, 157 Ala. 79; *Castleberry v. Stringer*, 57 South. 849. The mere change in the form of property by the testator does not affect a previous devise if such change is not at variance with the provisions of the devise.—12 Cyc. 1426; *Kelly v. Richardson*, 100 Ala. 597. The statute merely enlarges the scope of the general devise, but does not affect a specific gift of a certain parcel of property properly described.—Sec. 6155, Code 1907; *Kelly v. Richardson, supra*; 40 Cyc. 1425. The general affirmative charge was properly given for defendant.—*Thomas v. Smoot*, 2 Ala. App. 407; *W. U. T. Co. v. Perry*, 56 South. 824; *Jarrell v. Water Wks. Co.*, 60 South. 835.

MAYFIELD, J.—The sole question involved in this suit is whether the title to a given house and lot passed, under specific devises, to two of her children, or whether it passed, under the residue clause of the will, to all the children and grandchildren of the testatrix. The correct decision of this question depends upon the proper construction of the will of the testatrix, Ann McEvoy.

It is undoubted, and not denied, that the title to this lot passed, either under the special devises, or by the general residue clause.

It is not denied, and cannot be doubted, that, if the testatrix had died at the date of the making of the will,

the title to the lot in question would have passed by the specific devises to the two children. It is claimed by the appellants that this construction and effect is prevented by reason of the fact that the testatrix, subsequent to the making of the will, built the house in question on a part of the two lots described in the two specific devises, and thereby created a third lot, which did not pass by the specific devises, but by the general residuary clause. Appellants' contention is well stated by their counsel as follows: "The point involved in the case is a contention on the part of appellants, who are minors, that, after the execution of the will by their grandmother in 1903, the testatrix, by cutting off the south end of two lots of land, which had been devised, respectively, to Elizabeth McEvoy and James McEvoy, two other coheirs of the testatrix with appellants, each of which had a house upon it in 1905, and building a house upon the third lot so cut off, created a third lot distinct and separate from the two lots to which it originally belonged as a component part thereof, and which third lot became part of the residuary estate of the deceased at the time of her death, which occurred in 1908."

We cannot concur with counsel in this contention. Counsel bases his contention upon the rule of construction of wills, that the will speaks as from the death of the testator, and not as from the date of the making of this will. This is a well-accepted and an oft-repeated rule; but this rule, like most other rules, is not without limitations.

There is another rule of construction of wills, as ancient, authentic, and just as the one above referred to, and this last-mentioned rule is often stated to be the first and most important one. It is that "the intention of the testator, if not inconsistent with the law nor

with public policy, must control." If, therefore, we can ascertain the intent of the testator, we should give effect to it, unless the will runs counter to the law, or is against public policy.

Thus construing the will in this case as a whole, we have no doubt that it was the intention of the testatrix, when she made the will, and also when she died, that the land in question should pass under the two specific devises, and not under the general residuary clause.

The residuary clause was never intended to dispose of property which was specifically disposed of in other clauses of the will. But for the improvement of the land mentioned in the two devises, by the building of another house on parts of it, there would be no color for the claim that any part of it passed under the general residuary clause. If the testatrix had reserved the two lots in question, and out of them made a dozen lots, and built a house on each, then, nothing further appearing, it would be unnatural, we think, to hold that ten of these lots were thereby taken out of the special devises and passed under the general residuary clause. Hence we fully agree with the trial court in holding that the land in question, including the house placed thereon by the testatrix after the making of her will, passed under the special devises, and not under the general residuary clause, and therefore sustain his giving of the affirmative charge in favor of the defendants, appellees here.

Affirmed.

McClellan, Sayre, and Somerville, JJ., concur.