# O'Connell *v.* O'Connell, *et al.*

### Bill to Quiet Title.

(Decided May 18, 1916.  72 South. 81.)

1. **Wills; Construction; Estate Devised.**—A devise of real property to one without limitation or restriction vests in such one a fee simple title to the property.

2. **Same; Words of Survivorship; Effect.**—A testatrix had three married daughters whose husbands had not been successful from a business standpoint, an unmarried daughter, a son in ill health, and two other sons in whom she reposed confidence. She devised and provided that the real property bequeathed to each of her daughters should be held for life, with remainder over to her children, with power to sell upon the written consent of her executors, and to reinvest the proceeds on the same limitation, devised certain real estate to complainant, a son, devised to the unmarried daughter certain realty not subject to the provision as to sale, etc., provided for the

[O'Connell v. O'Connell, et al.]

son in ill health, and made·a disposition of property not otherwise disposed of, specifically to her children, with the provision that her daughters should hold under the conditions of the first provision, and then made a provision that if any child died leaving child or children, such child or children should stand in the place of the parent, and if any child died intestate without issue, the property devised to him should go to his brothers and sisters or their children. The words of survivorship in the final provision were intended, therefore, to provide against the death of the objects of the gifts in the lifetime of the testatrix, and prima facie referred to her death. Hence, such provision could not cut down the fee simple estate of complainant, nor the fee simple estate of the unmarried daughter.

3. **Same; Intention of Testator.**—In the construction of a will the cardinal rule is to ascertain the intention of the testator and to give it effect if it is not prohibited by law.

4. **Same; Cutting Down Gift.**—A clear gift is not to be cut down by anything which does not indicate an intention to do so with reasonable certainty.

5. **Same; Words of Survivorship.**—Where a gift is to take effect in possession immediately upon the death of the testator, words of survivorship are regarded as intended to provide against the death of the object of the gift in the testator's lifetime, and prima facie refer to the death of the testatrix.

6. **Same; Death.**—Rules of construction are adopted as an aid to the court in ascertaining the intention of the testator where from the provisions of the will such intention is doubtful.

APPEAL from Montgomery Chancery Court.

Heard before Hon. O. S. LEWIS.

Bill by G. A. O'Connell against Alice O'Connell and others to quiet title to land. From a decree rendered, complainant appeals, with cross-appeal by one of respondents. Reversed and rendered.

The will of Lucy O'Connell as to the items mentioned is as follows:

Item 2. The property in this will given, bequeath or devised to each of my daughters shall be held as follows: The said personal property absolutely, and the real estate for and during the time of her natural life, and at her death to her children, share and share alike, but she may at any time sell or dispose of any or all of said property by and with the consent in writing of the acting executor or executors of my will, the proceeds of said sale to be paid to said executor or executors, and reinvested in such property as she may direct, to be held subject to the same limitations as the property sold, and the property so purchased may in like manner be sold, and the proceeds reinvested by the executors in other property, to be held under the same limitations, and all

of the real estate or interest in real estate given to her under this will is to be held under and governed by the provisions of this item, save and except as hereinafter or expressly provided.

7. I give, devise and bequeath to my son, George A. O'Connell the following described real and personal property situated in the city or county of Montgomery, to-wit: Sixteen hundred and twenty-five dollars ($1,625.00) of the capital stock of the First National Bank of Montgomery; the pin containing his grandfather's picture; two vacant lots numbers eleven and twelve on Godfrey street; two two-room houses on Oak street, numbers eight and nine; and the following described lot of land: Commencing at the corner of Water and Coosa streets, thence south along the west side of Coosa street one hundred (100 feet), thence west to an alley, thence north along said alley to Water street, thence east along the south side of Water street to the place of beginning, together with the use of said alley.

8. I give, devise, bequeath to my daughter Alice E. O'Connell the following described real and personal property situated in the city or county of Montgomery, to-wit: My watch and chain; my diamond ear rings; an undivided one-half interest in the lot width fifty (50) feet on the east side of Commerce street, between Tallapoosa and Water street, and extends back to an alley, together with the use of said alley, said undivided one-half interest to be given to her absolutely and not subject to the provisions of item 2 hereof; my two two-room houses on Oak street, numbers sixteen and seventeen; two vacant lots, numbers nine and ten, on Godfrey street; and the following described lot: Commencing on the west side of Coosa street, one hundred (100) feet south of Water street, thence south one hundred (100) feet, thence west to an alley, thence north along said alley one hundred (100) feet, thence east to the point of beginning, together with the use of said alley; also sixteen hundred and twenty-five dollars ($1,650.00) of the capital stock of the First National Bank of Montgomery.

16. If any child should die, leaving a child, or children, said child or children shall stand in the place of the parent, and if any of my children should die intestate and without descendants, the property devised or bequeathed to him or her under this will shall belong to the brothers and sisters, or their descendants, of such deceased child.

[O'Connell v. O'Connell, et al.]

HILL, HILL, WHITING & STERN, for appellant.  W. A. JORDAN and J. F. DILLARD, for appellee.

GARDNER, J.—This bill was filed by the appellant, G. A. O'Connell, against the appellees, his children, and cross-complainant, Alice O'Connell, his sister, to quiet title to certain real estate devised to him by his mother, Lucy A. O'Connell.  The sole question for determination on this appeal is the construction of the will of Lucy A. O'Connell in so far as the same affects the parties to this cause and the property involved.  The report of the case will contain items 2, 7, 8, and 16 of the will.

(1-6) It will be noted that the property devised to George A. O'Connell, appellant here, was without any limitation or restriction.  This, without more, clearly vests in appellant a fee-simple title to the property.  The court below, however, concluded that the provisions of item 16 limited the estate granted in item 7, and held that the complainant to the original bill owned only a life estate in the property devised to him.  It is to be noted that in item 2, set out in the report of the case, it is provided that the real estate devised to the several daughters be limited to a life estate; but in items 8 of the will, containing the gift to the daughter Alice O'Connell, cross-complainant here, of an undivided one-half interest in a certain lot on the east side of Commerce street, in the city of Montgomery, the testatrix provided specifically that "said undivided one-half interest to be given to her absolutely and not subject to the provisions of item 2 hereof."

The said Alice O'Connell, being a party respondent to the original bill, filed a cross-bill seeking to have established her absolute fee-simple title to the undivided one-half interest in the lot referred to.  Under the ruling of the learned chancellor, however, the provisions of item 16 cut down the fee-simple title of cross-complainant in said lot to a life estate, or, rather, to what is termed in the decree "a contingent fee."  The cross-complainant therefore joins in this appeal, and assigns as error so much of said decree as limits her fee simple title.  The result of the appeal therefore rests upon the construction of item 16 of the will, viewed in the light of all the other provisions and of the facts and circumstances surrounding the testatrix at the time of its execution.

Testatrix was at that time (in 1910) about 60 years of age, and had then living four daughters and three sons, all of whom

were married except one daughter, Alice, and one son, Bernard. The mother is shown to have had much confidence in the judgment and business ability of her sons John and George A. O'Connell. The other son, then about 35 years old and living with his mother, had from childhood been in ill health, which to some extent affected his mind. The daughter Alice also resided with her mother. The husbands of the married daughters are shown not to have been very successful from a business standpoint. Testatrix, in the execution of the will, seems to have particularly described much of the property devised to her several children. The provisions of item 2 indicate with what care she guarded the interests of her daughters, and the evidence tends to show some basis for her solicitude. The gifts to John and George A. are absolute, without restriction or limitation. These two sons are named, with a life-long friend, as executors of the will without bond, with an express desire that they yield to her request and serve in that capacity.

In item 4 provision is made for Bernard, her afflicted son, but it is expressly provided that the property devised to him shall not be disposed of by him except by the written consent of the executors of her estate.

In item 8 the gift to Alice of an undivided one-half interest in the lot on Commerce street is absolute, and expressly exempted from the provisions of item 2.

In item 11 there is a very general disposition of her property not otherwise disposed of specifically to her children, with the express provision that her daughters shall hold their shares "under the limitations and conditions mentioned in item 2."

As has been so often said in the books, the cardinal rule and one above all others for the construction of wills, is to ascertain the intention of the testator, and give it effect if it is not prohibited by law.—*Smith v. Smith*, 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045. The following is also a well-established rule: "A clear gift is not to be cut down by anything which does not, with reasonable certainty, indicate an intention to cut it down."—*Pitts v. Campbell*, 173 Ala. 604, 55 South. 500.

The court below seems to have rested the conclusion reached upon some of the language used in the *Smith Case, supra,* in regard to the rule as to survivorship. The provisions of the will, as well as the surrounding facts and circumstances of that case, were different from those here under consideration, but the

[O'Connell v. O'Connell, et al.]

rule applicable here, as stated by the court on former appeal (*Smith v. Smith,* 139 Ala. 406, 36 South. 616), was not departed from on the last appeal, as reported in 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045.   The portion of the rule as there stated here pertinent is as follows:   "Where the gift is to take effect in possession immediately upon the testator's decease, words of survivorship are regarded as intended to provide against the death of the objects of the gift in the lifetime of the testator, and prima facie refer to his death."

This rule is referred to and discussed, as is also the *Smith Case, supra,* in the recent case of *Burleson v. Mays,* 189 Ala. 107, 118, 66 South. 36, et seq., and an examination thereof will disclose that the above-quoted rule is there recognized, and, indeed, that the conclusion here reached is amply supported by this authority.   See, also, in this connection, the elaborate note to *Smith v. Smith, supra, in* 25 L. R. A. (N. S.) 1045.

Rules of construction are adopted as an aid to the court in ascertaining the intention of the testator where doubtful from the provisions of the will.   "The intention of the testator is always the polestar in the construction of wills."

In the consideration of the will in this case it clearly appears to our minds that the testatrix was very careful to limit the estates of some of her children, particularly of her daughters, and for very good reasons, and that she was also careful to limit the power of disposition of the estate granted to the afflicted son. But to her sons John and George A., the latter being party complainant to this suit, she devised without any restriction whatever, vesting in them the fee-simple title to their shares.   She had confidence in their judgment and business ability, as disclosed by the evidence in this record and her appointment of them to be executors of her will without bond.   They were reasonably successful in their business affairs, and their domestic relations are shown to have been most pleasant, and each was the father of children.   There was no occasion for any restriction upon their estates; the gifts to them were absolute and to take effect immediately, and, under the rules above stated, "will not be cut down by anything which does not with reasonable certainty indicate that such was the intention of the testator."

Under the rule as stated in *Burleson v. Mayra, supra,* the words of survivorship used in item 16 of the will must be regarded to have been intended to provide against the death of the

objects of the gifts in the lifetime of the testatrix and prima facie to refer to her death. The language used is entirely consistent with this theory, and, indeed, it is to be noted that the provisions of this term of the will merely follow the law of inheritance as to descent and distribution. We are therefore clear to the view that the language of item 16 would not have the effect to cut down the fee-simple estate of the complainant, George A. O'Connell, nor the fee-simple estate of Alice E. O'Connell in the undivided one-half interest in the lot on Commerce street devised to her absolutely in item 8 of the will.

Our conclusion therefore is that the decree of the chancellor was laid in error, and it will be here reversed, and a decree will here be rendered granting to complainant the relief prayed in the original bill, and also granting to cross-complainant the relief prayer in her cross-bill.

As the other parties to the suit are the children of complainant, George A. O'Connell, and are without a guardian, the taxation of the costs in the court below will be permitted to remain as fixed by the chancery court in its decree, and George A. O'Connell and Alice E. O'Connell will be here respectively taxed with the cost of this appeal accruing at the instance of each, for which execution may issue.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.