(91 South. 606)
## DARROW v. CITY OF FLORENCE et al.
### (8 Div. 359.)

(Supreme Court of Alabama. Oct. 20, 1921. Rehearing Denied Nov. 24, 1921.)

1. Wills ⬅️439—Testator's intent must be given appropriate effect.

Effect must be given to testator's intent.

2. Wills ⬅️538—Words of survivorship, in absence of contrary intent, relate to testator's death.

Words of survivorship in a will, unless there is manifest intent to the contrary, always relate to testator's death, from the date of which the will speaks.

3. Wills ⬅️545(3)—Will construed to give residuary devisee unconditional fee on testator's death.

Under a will devising a life estate to testator's wife, and "to my daughter * * * all the balance of my property * * * upon the following conditions and limitations, viz.: That should [she] die without issue * * * said property is hereby given to my brothers and sisters or their descendants"—the daughter, on testator's death, took the fee in the

property not included in the life estate, relieved of the conditions and limitations, which served their entire purpose when she survived testator.

## On Rehearing.

**4. Wills ⬥⟶545(3)—Conditions and limitations on residuary devise held not determinable as of date of devisee's death because of subsequent devise of remainder after life estate.**

Under a will giving to testator's daughter the balance of the estate, with remainder to his brothers and sisters or their descendants, if the daughter died without issue, and the remainder after a life estate in his wife "upon the same limitations," the effect of the latter expression was not to indicate that the existence of the conditions and limitations on the residuary devise to the daughter should be determined on her death or at any time after testator's death; such expression being referable solely to the remainder after the life estate in testator's wife.

**5. Wills ⬥⟶545(3)—Absolute bequest of insurance held not to postpone ascertainment of limitations on residuary devise until after testator's death.**

A bequest of an absolute right in a life insurance policy to a daughter, to whom was also devised, after deduction of a life estate to testator's wife, the balance of his estate on the conditions and limitations that it should go to his brothers and sisters or their descendants if the daughter died without issue, did not show an intent to project the period for ascertainment of the existence vel non of such limitation to a time after testator's death; the phrase "absolute right" being designed merely to discriminate between the absolute bequest of the insurance proceeds and the limited devise to the daughter.

Thomas, Sayre, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Suit by the City of Florence against Mrs. G. M. Darrow and others to foreclose an improvement lien and distribute the proceeds, after payment, among the owners. From the decree rendered, Mrs. Darrow appeals. Reversed and remanded.

The bill alleged that, under the will of J. K. Swoope, Mrs. Darrow took only a life interest, and that certain other of the heirs of Swoope naming them, were remaindermen. Mrs. Darrow demurred on the grounds that the bill on its face showed that she owned a fee-simple title in the property; the will being attached thereto as an exhibit. She also answered, making her answer a cross-bill, making the other heirs respondents, and sought by her cross-bill a construction of the will and affirmative relief thereunder.

Mitchell & Hughston, of Florence, for appellant.

Mrs. Darrow survived her father, and as a matter of law takes a fee-simple title, although she has no issue. 139 Ala. 406, 36 South. 616; 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045.

Andrews & Peach, of Sheffield, for appellees.

There can be no dispute that the intention of the testator is the law of the will. 200 Ala. 204, 75 South. 962; 178 Ala. 117, 59 South. 59; 121 Ala. 64, 25 South. 694; 62 Ala. 209; 196 Ala. 224, 72 South. 81. On these authorities it must be held that, being without issue, Mrs. Darrow takes only a life estate in the property in question.

McCLELLAN, J. The city of Florence filed this bill against Mrs. Darrow (appellant) and others to foreclose an improvement lien on lots 111 and 112 in said city, according to map and plat of the Cypress Land Company. Jacob K. Swoope, who died testate in 1873, owned these lots. Mrs. Darrow, appellant, was Tempe Swoope, a daughter of Jacob K. Swoope, deceased. The character of interest or estate Mrs. Darrow took under her father's will presents the only question for decision. The court below construed Mr. Swoope's will as investing Mrs. Darrow (Tempe Swoope) with a life estate only in lots 111 and 112, with remainder to "testator's brothers and sisters or their descendants," defining the sharing intended. Mrs. Darrow, appellant, contends that she took the fee in these lots "by inheritance" from her father "and under the provisions of his said will."

The will, omitting presently unimportant matter, reads:

"I give to my two nephews Jacob K. Swoope, son of C. C. Swoope, and Jacob Swoope Moore, son of R. E. Moore, to be equally divided between them in absolute right, the proceeds of a policy which there is on my life of ten thousand dollars in the Knickerbocker Life Insurance Company. I give to my daughter Tempe an absolute right in a policy on my life for the sum of twenty-five hundred dollars in the Mound City Insurance Company. I give to my wife, Elizabeth T. Swoope, one-third of all the balance of my property, both real and personal, wherever situated, for the term of her natural life, *I give to my daughter, Tempe P. Swoope, all the balance of my property, both personal and real upon the following conditions and limitations, viz.: That should the said Tempe die without issue of her body the said property is hereby given to my brothers and sisters, or their descendants, the descendants of each brother or sister to take that share which the brother or sister would have taken, had he or she been living.* Upon the death of my wife, I give and devise to my daughter, Tempe, the portion of property herein given and devised to my wife for the natural life of my wife, and upon the same limitations."

[1] The italicized words in the quotation ante are the particular terms giving rise to

the divergent construction taken by the parties. Taking full cognizance of the judicial duty to give appropriate effect to the intent of a testator, our opinion is that the legal principles controlling the construction of the presently important feature of Mr. Swoope's will are stated in Smith v. Smith, 139 Ala. 406, 36 South. 616, and reaffirmed in their statement (not in their application) in the same case as reported in 157 Ala. 79, particularly page 88, 47 South. 220, 25 L. R. A. (N. S.) 1045, in response on rehearing. On the last appeal of Smith v. Smith, 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045, a majority of the court, while reaffirming the rules reiterated on former appeal (139 Ala. 406, 36 South. 616), construed the codicil to Mrs. Bacock's will as manifesting an intent to refer the survivorship contemplated to a point of time *after* the testator's death—this in recognition of the expressly avowed purpose of Mrs. Bacock to modify and thus to change the original devise made in her will.

[2] We find in Mr. Swoope's will no indication or evidence of an intent that would justify the denial of the effect of the rule restated, as from Hoover v. Hoover, 116 Ind. 498, 19 N. E. 468, in Smith v. Smith, 139 Ala. 413, 36 South. 617:

" * * * Words of survivorship in a will, unless there is manifest intent to the contrary, always relate to the death of the testator, and that, in the absence of a contrary intent, a will always speaks as from the date of the testator's death."

The reference to the "same limitations," the final words in our quotation of the will, contribute nothing to aid the construction of the feature of the will, the effect of which is now contested. Those words but operate to reiterate, in that connection, the "conditions and limitations" thereinabove prescribed and defined. The terms of the will considered in Dickson v. Dickson, 178 Ala. 117, 59 South. 58, are materially different from those employed by Mr. Swoope in his will. In the Dickson will there was provision for reverter in the contingency defined, and the concluding paragraph of the opinion (178 Ala. 1211 [59 South. 58]) discloses the dominating effect that provision was held to have. The rule and principle to which our conclusion is referable is also illustrated in Haigler v. Haigler, 202 Ala. 480, 80 South. 864. The Haigler Case, supra, was approvingly cited in Fowlkes v. Clay, 205 Ala. 523, 88 South. 651, 654.

[3] Reading the presently contested clause of Mr. Swoope's will in the light and with the aid of the quoted rule, it results that Tempe Swoope (Mrs. Darrow) took the fee in the lots in question, relieved of the "conditions and limitations" provided—these "conditions and limitations" serving their entire purpose when Mrs. Darrow survived the testator, her father.

The decree is reversed. The cause is remanded, for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## On Rehearing.

McCLELLAN, J. [4] As appears from the original opinion, ante, only the therein italicized expressions of the will of Mr. Swoope were undertaken to be construed; the court below having referred the title to the two lots in question to that feature of the will, saying that the issue between the parties was to be resolved upon a construction of 'that part of the will, quoting it only. This court has not, hence, expressed its judgment as to the application or effect of the rule of construction stated in the original opinion, ante, upon these words in the will:

"I give to my wife, Elizabeth T. Swoope, one-third of all of the balance of my property, real and personal, wherever situated, for the term of her natural life. * * * Upon the death of my wife, I give and devise to my daughter Tempe the portion of property herein given and devised to my wife for the natural life of my wife, and upon the same limitations."

It is to be observed that this feature of the will gave to the testator's widow a *life estate* in "one-third of all of the balance of my [his] property," with *remainder* to Tempe Swoope (appellant) "upon the same limitations" therein above stated, viz.: "That should the said Tempe die without issue," etc. In recognition of the effect of the introduction of a previous life estate to define the period of division, it was said in Burleson v. Mays, 189 Ala. 107, 119, 66 South. 36, 40, through approving quotation:

"If there is no previous interest given, the period of division is the death of the testator and survivors at his death take the whole; but, if a previous life estate be given, then the period of division is the death of the life tenant and survivors at such death take the whole."

In the feature of the will under construction (italicized in the original opinion, ante), there is no provision for an intervening life estate, as is the condition in the feature of the will providing a life estate only for Mrs. Swoope in one-third of the testator's real and personal property; the expression "upon the same limitations" being there necessarily referable to the *remainder* consequent upon the stated life estate in the wife of the testator, and hence, according to the discriminating authority of Burleson v. Mays, supra, the rule of Smith v. Smith (cited in the original opinion, ante) is not applicable to the status made by the provisions of this testator's will creating a life estate in Mrs. Swoope and a remainder in Tempe Swoope (Darrow), "upon the same limitations."

Taking due account of the doctrine of Bur-

leson v. Mays, it is evident that the phrase "upon the same limitations," as latterly employed in the instrument, contributes nothing toward the conclusion, urged for appellee, that the existence or presence of the "conditions and limitations," upon which the bequest and devise to Tempe Swoope (Darrow) was made in the feature of the will under construction (italicized in the original opinion) should be determined upon the death of Tempe Swoope or at any time after the death of the testator.

[5] It is insisted for appellee, in support of the application for rehearing, that the provisions bequeathing to Tempe Swoope and others the proceeds of life insurance in "absolute right" is, when contrasted with the limitary particular feature of the clause under construction, forceful to show an intent on the part of the testator to project the period for the ascertainment of the existence vel non of the limitation to a point of time after the death of the testator, thereby excluding this clause of the will from the effect of the rule declared in Smith v. Smith, supra. The phrase "absolute right," as therein employed, was only designed by the testator to discriminate between the subject of the absolute bequest of the insurance proceeds and the latterly made bequest and devise, in the clause under construction, to Tempe Swoope (Darrow) upon the limitation defined, viz. death without issue of her body. The words "absolute right" serve their full import when so interpreted. Those words do not appear to intend an effect to invest the stated limitation's ascertainment to a point of time after testator's death.

The application for rehearing is denied.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.

THOMAS, J. (dissenting). Looking to the four corners of testator's will for his intent as the law of that instrument, it is noted that he therein divided all of his property into two general classes—that given or devised "in absolute right," and that given or devised upon "conditions and limitations." His general and primary interest or plan, exhibited by the will, was to keep certain of his property, if possible, in his immediate family, and, failing of issue as indicated, in his brothers and sisters, or their descendants. To that end he (1) devised and bequeathed all of his properties to the several declared objects of his bounty, to the extent, and upon the respective terms and conditions, of title or interest, specifically indicated as to each; (2) declared in unmistakable terms that the several properties bequeathed or devised to Tempe (other than the life insurance policy of $2,500), in default of issue of her body, were given to testator's "brothers and sisters, or their descendants. * * *"

It is not necessary to construe every provision of this will, yet it is required that we look to the several provisions thereof to ascertain the quantum of estate or interest devised and bequeathed to Tempe, a portion of which property is the subject of this suit. Having in mind the subsequent devises and bequests made on conditions or subject to limitations, the testator declared that the gift to his nephews (Jacob K. Swoope and Jacob Swoope Moore) of the proceeds of the policy in the Knickerbocker Life Insurance Company was to "them in absolute right," and that the life insurance policy in the Mound City Insurance Company was given to his daughter Tempe in "absolute right." Having made provision for his wife (Elizabeth T.), by giving or devising to her "one-third of all the balance of" testator's property "for the term of her natural life," he provided that upon her death that property was "given and devised" to the daughter (Tempe) "upon the same limitations" as had been imposed by the testator upon the bequest and devise to that daughter of the remaining two-thirds of "all the balance of" testator's property.

The whole will discloses that it was testator's expressed purpose to dispose of all his properties and to foreclose any event of intestacy. The provisions made for Tempe, of properties other than the insurance policy, included "all the balance" of testator's property upon the "conditions and limitations, viz.: that should said Tempe die without issue of her body, the said property" was "given to" testator's brothers and sisters, or their descendants, etc. *If it was not the intention of testator* to subject this property to the condition or limitation of Tempe's death without issue though she survived testator, why was testator particular to distinguish between properties given Swoope, Moore, and Tempe in "absolute right," and that given Tempe upon the conditions and limitations stated? If testator had in mind the date of his own death as being the time when the limitation of Tempe's death without issue of her body, as affecting the gift or devise, should cease to exist, why did he, in subsequent provisions of the same paragraph, *give* and *devise* to that daughter the portion of his property theretofore devised to his wife for life "upon the same limitations"—meaning of necessity the conditions and limitations theretofore imposed upon the balance of the properties devised and bequeathed to Tempe? That is to say, if the conditions and limitations imposed upon such gifts to Tempe were intended only to extend to and be determined at and by the death of testator, why his use of the words "upon the same limitations" in the gift and devise to Tempe of that portion of the balance of all of testator's properties given to his wife for life, since the wife could not take under the will until after testator's death?

Thus does testator interpret, as the law

of the instrument, the limitations imposed upon the whole gift and devise to the daughter, that the limitations on the one-third of "all the balance" of his property given Tempe after the death of the mother, and the limitations on the two-thirds of said balance of property given Tempe after the death of testator, were the same. There is no irreconcilable conflict in the will; but, if such there had been, the last declaration in the will of the testator, when clearly stated, must control. Ralls v. Johnson, 200 Ala. 178, 180, 79 South. 926. A consideration of the whole instrument convinces us that an estate in Tempe to all the balance of testator's properties freed of condition after testator's death was not intended to be created (Code, § 3396), and that the provisions of this will did not fall within the class of doubtful cases where, under the law, the interest or estate therein given or devised will be construed as vested rather than contingent, or not subject to condition. Campbell, Guard., v. Weakley, Adm'r, 121 Ala. 64, 25 South. 694; Montgomery v. Wilson, 189 Ala. 209, 66 South. 503; Gunter v. Townsend, 202 Ala. 160, 79 South. 644; Fowlkes v. Clay, 205 Ala. 523, 88 South. 651.

If further analysis be necessary, reading the will as a whole, it must be noted that the provision for Tempe, as to the one-third of all of the balance of testator's property given his wife for the term of her natural life, was "upon the same limitations" applying to Tempe's interest or title in the two-thirds of all the balance of testator's property not subject to the life estate. The testator so states in his will. As to the former, the limitation of necessity was to take effect or terminate after testator's death; the limitation on the latter two-thirds of all the balance of testator's property was the same; no distinction of the two classes of properties given his daughter being made by testator, should she die without issue of her body before or after testator's death. As affecting the ultimate provisions the testator made for his brothers and sisters or their descendants, consistent with the primary purpose of his will, it could not be said that he intended Tempe to take one-third of all the balance of his property upon different conditions and limitations than when taking the two-thirds of all the balance of his property that was not charged with a life estate for the wife. That it would be an unnatural distribution of the remainder in his properties to his brothers and sisters "or their descendants," and that he did not so intend or make it is shown by his particularity to declare in his will as to them:

" * * * The descendants of each brother or sister to take that share which the brother or sister would have taken, had he or she been living."

The decision of the majority is to declare that testator intended to divide that property or balance of his estate into two classes, dependent, *not upon the course of nature*, *Tempe's death without issue of her body*, but upon the course of nature that she die without issue *before testator's death*. It was her death with or without issue of her body that concerned testator and that he made the condition to defeat, determine, or vest the contingent estate or interest created by testator for his daughter and the heirs of her body, or for and in his brothers and sisters or their descendants, and not the date of her death, whether before or after the demise of testator. This construction of Mr. Swoope's will is in adherence to and is a just application of the principles of statutory construction, under the statute and the decisions of this court, applied in many cases. Fowlkes v. Clay, supra; Smith v. Smith, 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045.

The circuit court announced the right conclusion by the decree rendered, denying that Mrs. Darrow, surviving her father, took said lot in fee simple, and in adjudging that it was the intention of her father to give her the lots "conditioned upon her bearing a child or children, and that, she not having borne a child or children, and will not, in the course of nature, bear one, she has only a life estate in said lots, with remainder in the brothers and sisters of the said Jacob K. Swoope, deceased, or their descendants."

SAYRE and GARDNER, JJ., concur in the foregoing dissenting opinion.