(97 South. 104)

## SPIRA v. FRENKEL. (1 Div. 248.)

(Supreme Court of Alabama. June 9, 1923.)

**1. Wills ⚫539—Words of survivorship relate to testator's death, unless contrary intention appears.**

Words of survivorship in a will relate to testator's death, unless there is a manifest intent to the contrary.

**2. Wills ⚫545(3)—Devisees surviving testator held entitled to fee simple under will providing that portion of either dying without issue should go to survivor; "but."**

Under a will devising the residue of testator's estate to his two children "absolutely and without limitations," but providing that, if either died without issue, deceased's portion should go to the survivor, devisees, on both surviving testator, took in fee simple, though the same result would have followed under the statutes without such provision, which is not a limitation, but a provision for a contingency merely, and reasonably susceptible of construction only as relating to testator's death, though the word "but" introduces an exception or suggests opposition or contrast; the opposition being to the devisees first named, and not to the quality of the estate given.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, But.]

**3. Wills ⚫601(1)—Conclusion that testator, devising property without limitations, intended to impose limitation, not permissible, unless succeeding language is susceptible of no other meaning.**

A conclusion that a rational testator, devising property "absolutely and without limitations," intended by succeeding language to impose a limitation, is not permissible, unless such language is susceptible of no other meaning.

**4. Wills ⚫440—Testator's intention, as indicated by language and object, governs construction.**

Testator's intention, as indicated by the language of the will and the object in view, is the pole star in construction.

**5. Appeal and error ⚫334(1)—No revivor necessary on appellee's death.**

Where appellee dies after submission of the cause, no revivor in the name of her personal representative is necessary; the Supreme Court's decree being effective as from the date of submission.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Suit by Matilda S. Frenkel against Henry A. Spira. From a decree for complainant, respondent appeals. Affirmed.

Edw. W. Faith and Stevens, McCorvy, McLeod & Goode, all of Mobile, for appellant.

The rule that words of survivorship in a will relate to the death of the testator applies only when the context of the will is silent. Vanderzee v. Slingerland, 103 N. Y. 55, 8 N. E. 247, 57 Am. Rep. 701; In re Cramer, 170 N. Y. 271, 63 N. E. 279. The word "but," in the clause of the will, "but if either one should die leaving no issue, then such child's portion shall go to the other child," was used in the sense of a disjunctive, and served to make an exception to the estate previously granted. 5 A. & E. Ency. Law, 79; Leggett v. Firth, 132 N. Y. 10, 29 N. E. 950; Bingham v. Sumner, 206 Ala. 266, 89 South. 481; Gardner on Wills, 324.

Brown & Kohn and Harry T. Smith & Caffey, all of Mobile, for appellee.

Words of survivorship in a will relate to the death of the testator, and this rule applies in this case. Smith v. Smith, 139 Ala. 406, 36 South. 616; 157 Ala. 80, 47 South. 220, 25 L. R. A. (N. S.) 1045; Burleson v. Mays, 189 Ala. 107, 66 South. 36; O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81; Dozier v. Dozier, 201 Ala. 174, 77 South. 700; Fowlkes v. Clay, 205 Ala. 523, 88 South. 651; Haigler v. Haigler, 202 Ala. 480, 80 South. 864; Darrow v. City of Florence, 206 Ala. 675, 91 South. 606.

SOMERVILLE, J. The bill is filed for the purpose of quieting the title to certain real property in the city of Mobile. The complainant and the respondent, who is her brother, are the only children of Henrietta G. Spira, who died in 1918, leaving a will which has been duly probated. After making several special bequests, which have no bearing on the question here presented, the will declares:

"Fourth. All the rest, residue and remainder of my estate, of whatsoever kind or nature and wheresoever the same may be situated, I give, devise and bequeath unto my two children Henry Spira and Matilda Frenkel absolutely and without limitations, share and share alike, but if either one should die leaving no issue, then such child's portion shall go to the other child; but if there shall be issue, then the parent's share shall be distributed to such issue."

The question that arises under this provision is simply whether the words of survivorship refer to the death of either child *before* the death of the testator, or whether they refer to the death of either child at any time, before or after her death. The respondent's contention is that the latter construction is the correct one, and hence that he has a contingent interest in the entire residuary estate of the testator, including the share devised to the complainant. The trial court ruled against this contention, and granted the relief prayed for.

[1] Testamentary provisions like this have been familiar subjects of judicial discussion

and adjudication for a hundred years or more in England and in America, and the principles which govern, and the conclusions to be reached, are thoroughly well settled and understood. Counsel for appellant concede that it is well established in this state that "words of survivorship in a will, unless there is a manifest intent to the contrary, always relate to the death of the testator." Smith v. Smith, 139 Ala. 406, 36 South. 616; s. c., 157 Ala. 80, 47 South. 220, 25 L. R. A. (N. S.) 1045; Baker v. Baker, 182 Ala. 194, 62 South. 284; Burleson v. Mays, 189 Ala. 107, 66 South. 36; O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81; Haigler v. Haigler, 202 Ala. 480, 80 South. 864; Fowlkes v. Clay, 205 Ala. 523, 88 South. 651; Darrow v. City of Florence, 206 Ala. 675, 91 South. 606.

[2] Appellant's contention is that the will before us does show a manifest intention to the contrary, and hence that the provision in question is not subject to the general rule of construction. The arguments made in support of this contention are both ingenious and interesting and we would like to recite and review them at length. Our study of this will convinces us, however, that, whether considered in the light of judicial precedents, or as a matter of common sense, without the aid of such authority, the survivorship clause in the residuary devise is reasonably susceptible of but one construction, viz. that it relates to the death of the testator; so that, if the two devisees survived the testator, they thereupon took their respective shares in fee simple, forever.

[3] It is never to be intended that any rational person will deliberately devise property "absolutely and without limitations," and immediately contradict himself by the imposition of a limitation, and such a conclusion is not permissible, unless the succeeding language is susceptible of no other meaning. This rule of common sense has been adopted as a general rule of construction by the courts, viz.:

"A clear gift is not to be cut down by anything which does not, with reasonable certainty, indicate an intention to cut it down." Pitts v. Campbell, 173 Ala. 604, 55 South. 500; O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81.

The case of Barrell v. Barrell, 38 N. J. Eq. 60, is substantially identical with the instant case, and its reasoning is clear and conclusive on this phase of the question.

[4] If, therefore, the proper construction of the survivorship clause were an open question, the words of absolute grant, without limitations, would clearly restrict and conclude its meaning, consistently with such a grant. It is true, as often declared, that the intention of the testator, as indicated by the language of the will and the object in view, is the pole star in the construction of wills. But that is the very rule which is decisive in this case; for how could an intention be more simply, and more clearly, and more unmistakably expressed than by the language adopted by the testator in this will? Pritchett v. Corder (Ky.) 105 S. W. 910; Middleton v. Dudding (Mo. Sup.) 183 S. W. 443, 444; Shanley v. Herold (C. C.) 141 Fed. 423; Falconer v. B. & J. R. Co., 69 N. Y. 491, 498.

The clause, "but if either one should die leaving no issue, then such child's portion shall go to the other child," is not a limitation, but is a provision for a contingency merely—the death of either beneficiary during the testator's lifetime. It may be conceded that the word "but," when used as a conjunction as here, usually introduced an exception, or suggests opposition or contrast. It does so here undoubtedly; but the opposition is clearly to the devisees as first named, and not to the quality of the estate given, necessarily so since the clause thus introduced effects merely a substitution of another devisee on the contingency stated.

The office and effect of the conjunction "but," in clauses and contexts like this, is fully discussed with academic nicety, as well as judicial precision, in the cases of Winter v. Dibble, 251 Ill. 200, 95 N. E. 1093; and Abbott v. Middleton, 7 Hare's Leading Cases, 58, to which the student of this subject may refer with profit and enlightenment.

But, even if the words "absolutely and without limitations" had been omitted, we find nothing in any other part of the will which would exclude the application of the general rule first above stated, and illustrated by the cases referred to. The consideration that the provision in question directed the same result that would have followed under our statutes, without such a provision, is without weight. Indeed, in O'Connell v. O'Connell, supra, it seems to have been regarded rather as confirmatory of the rule than otherwise. See also, the case of Fowler v. Duhme, 143 Ind. 248, 42 N. E. 623, where the same argument was made without avail.

We deem it unnecessary to prolong the discussion, and it will suffice to say that the decision of the trial court is so well grounded upon both reason and authority that it must be affirmed.

[5] It has been suggested of record that, since the submission of this cause, the complainant, Matilda S. Frenkel, has died, and that the suit should be revived in the name of her personal representative when appointed. In such a case, however, a revivor is unnecessary, since the decree of this court is effective as from the date of the submission of the cause. Vandiver v. Am. Can Co., 190 Ala. 352, 67 South. 299.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.