193 So. 736

**ALEXANDER v. ALEXANDER et al.**

**3 Div. 308.**

Supreme Court of Alabama.

Jan. 18, 1940.

Rehearing Denied Feb. 22, 1940.

Gipson & Gipson, of Prattville, for appellants.

C. E. Alexander, of Prattville, for cross-appellants.

Carmichael & Crenshaw, of Montgomery, for appellees.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, amici curiae.

KNIGHT, Justice.

This suit had its origin in a bill filed by John A. Alexander, appellant here, in the Circuit Court of Autauga County against John L. Alexander and others, to quiet the title to a certain described forty acre tract of land in said county, and it involves the construction of the will of John L. Alexander, deceased.

The appellees Cecil Alexander and Shirley Alexander are half brothers of the devisees, and legatees, under the second clause of the will of said John L. Alexander, deceased, and they claim an interest in said tract of land as heirs at law of Rebecca Alexander, deceased, one of the six devisees under said clause of said will. The appellees John L. Alexander, Robert M. Alexander, Martha Alexander, Peyton Alexander and Nellie Alexander are the only children and heirs at law of Robert M. Alexander, another one of the original devisees under the second clause of said

will, and these appellees also claim an interest in said lands.

The interests and claims of the parties depend upon the proper construction of the will of said John L. Alexander, deceased, the common ancestor of the several parties, complainant and respondent.

The second clause of said will is as follows:

"Second. I give, devise, and bequeath to my children, Charles D. Alexander, Rebecca Alexander, John A. Alexander, Robert M. Alexander, Peyton E. Alexander and Mattie Alexander, all my real and personal property not hereinafter specially disposed of, to be equally divided among them.

"In the event of any of the above named children dying without issue, it is my will that the share or portion of such deceased child shall become the property of the survivor or survivors of them.

"It is my will that the property herein devised in this Clause shall be the property of the above named children or their lineal descendants, for the reason, especially, that they are the children as well of my first wife, Martha A. Alexander, deceased, who trustingly turned over to me all her property amounting in value to $10,000.00 all of which I used and appropriated in business as my own to which assistance and confidence on her part, I attribute much of my success in after life, and for the further reason, that I am now indebted to my said children in the amount of ten thousand dollars ($10,000.00) together with the interest thereon, from the time that it was turned over to me by my said wife, Martha A. R. Alexander."

It is this clause of the will that has brought about and given rise to the present litigation, and the court must construe the same in order to determine the rights of the several parties.

The cause was heard and determined upon an agreed statement of facts.

It appears that John L. Alexander, the testator, was at the time he executed said will seventy years of age. The will was actually executed in 1908, the exact date is not stated. At that time Mr. Alexander was in ill health, "and realized that he did not have long to live." It further appears that he died in 1910 at the age of seventy-two.

It also appears that all six of the devisees and legatees to whom the testator devised certain real and personal property (which

includes the lands now involved in this litigation) by the second clause of his will survived him; that at the time of the execution of said will, the ages of the said devisees were as follows: Charles D. Alexander was fifty years of age, and had no children; Rebecca Alexander was forty-four years of age, and had no children; John A. Alexander was forty-two years of age, and had one child; Robert M. Alexander was forty-four years of age, and had one child; Peyton E. Alexander was thirty-two, and Mattie Alexander was thirty-four years of age, and neither of the last two had any children.

It also appears that the said Charles D. Alexander died in 1916, without lineal descendants, but left a last will and testament by which he devised all of his property to his wife, Nellie M. Alexander; that Peyton E. Alexander died without issue in 1930, leaving a will by which he devised all of his property to his wife, Amelia Gaskell Alexander; that Robert M. Alexander died in 1938, intestate, leaving him surviving the following named children, who were his only heirs, at law, towit: John L. Alexander, Robert M. Alexander, Martha Alexander, Peyton Alexander and Nellie Alexander; that the said Rebecca Alexander died in 1938, without issue, and leaving no father or mother, "but leaving one whole brother, John A. Alexander, and one whole sister, Mattie A. Alexander, two half brothers, the said Cecil Alexander and Shirley Alexander, also survived by the above named children of Robert M. Alexander, who were nieces and nephews of said Rebecca Alexander;" that said Mattie A. Alexander, another of the six devisees under the second clause of said will of John L. Alexander, deceased, died leaving a last will and testament, in and by which she devised all of her property to the complainant, John A. Alexander; that the said John A. Alexander, the complainant, is the last and only survivor of the six children of said John L. Alexander by his first wife, and the last survivor of the devisees under the second clause of the will of said John L. Alexander, deceased.

Upon submission, the court decreed: That the said Cecil Alexander and Shirley Alexander "have no right, title, interest or claim in and to the property described in the bill of complaint;" that the respondents John L. Alexander, Robert M. Alexander, Martha Alexander, Peyton Alexander, and Nellie Alexander, being all the children

or lineal descendants of Robert M. Alexander, deceased, jointly own an undivided one-half interest in fee in said property; that the complainant, John A. Alexander, "is vested with a life estate in an undivided one-half interest in said property; that if said complainant dies without issue the remainder in said one-half interest will vest in fee in the said respondents, John L. Alexander, Robert M. Alexander, Martha Alexander, Peyton Alexander and Nellie Alexander, the children or lineal descendants of said Robert M. Alexander, deceased, and the only representatives of the class named in the second clause of said will. That in the event said John A. Alexander dies leaving issue surviving him, then the remainder of said undivided one-half interest in said property will vest in fee in the issue of John A. Alexander."

From this decree, the said John A. Alexander, the complainant, prosecutes this appeal, and upon the record the appellees Cecil Alexander and Shirley Alexander have made cross-assignments of error.

It will be observed that the language of the devise to the six children of the testator by his first wife is:

"I give, devise and bequeath to my children, Charles D. Alexander, Rebecca Alexander, John A. Alexander, Robert M. Alexander, Peyton E. Alexander, and Mattie Alexander, all my real and personal property not hereinafter specially disposed of, to be equally divided among them.

"In the event of any of the above named children dying without issue, it is my will that the share or portion of such deceased child shall become the property of the survivor or survivors of them."

It is evident that the will was drawn by one skilled in the law and in the use of legal terms, although it is not so stated in the agreed statement of facts.

In Ralls v. Johnson, 200 Ala. 178, 180, 75 So. 926, 928, it is observed: "The application of common sense in the interpretation of wills has evolved certain cardinal rules of construction. The testator's intention, if legal, is the law of the instrument. Wolffe v. Loeb, 98 Ala. 426, 13 So. 744; Wynne v. Walthall, 37 Ala. 37; 1 Schouler on Wills (5th Ed.) § 466. This intent must be gathered from the whole will, when all the parts are construed in relation to each other, 'taking due consideration of the testator's scheme manifested by the will itself, so as, if possible, to form one con-

sistent whole.' Myrick v. Williamson et al., 190 Ala. 485, 67 So. 273; Montgomery v. Wilson et al., 189 Ala. 209, 66 So. 503; Smith v. Smith, 157 Ala. 79, 47 So. 220 [25 L.R.A.,N.S., 1045]; Holt v. Hermann & Hynde, 185 Ala. 257, 64 So. 431."

In this jurisdiction the rule is well settled that "words of survivorship in a will, unless there is a manifest intent to the contrary, always relate to the death of the testator." Spira v. Frenkel, 210 Ala. 27, 97 So. 104, 105; Darrow v. City of Florence, 206 Ala. 675, 91 So. 606; Burleson v. Mays, 189 Ala. 107, 66 So. 36; Baker et al. v. Baker et al., 182 Ala. 194, 62 So. 284; Abrahams v. Abrahams, 219 Ala. 533, 122 So. 625; McGlathery v. Meeks, 219 Ala. 89, 121 So. 67.

In the case of Spira v. Frenkel, supra, this court, speaking through Somerville, J., observed:

"Testamentary provisions like this (which was a survivorship clause between two of the testator's children) have been familiar subjects of judicial discussion and adjudication for a hundred years or more in England and in America, and the principles which govern, and the conclusions to be reached, are thoroughly well settled and understood. Counsel for appellant concede that it is well established in this state that 'words of survivorship in a will, unless there is a manifest intent to the contrary, always relate to the death of the testator.' Smith v. Smith, 139 Ala. 406, 36 So. 616; [Id.] 157 Ala. [79] 80, 47 So. 220, 25 L. R.A.,N.S., 1045; Baker v. Baker, 182 Ala. 194, 62 So. 284; Burleson v. Mays, 189 Ala. 107, 66 So. 36; O'Connell v. O'Connell, 196 Ala. 224, 72 So. 81; Haigler v. Haigler, 202 Ala. 480, 80 So. 864; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Darrow v. City of Florence, 206 Ala. 675, 91 So. 606. [Parenthesis supplied.] * * *

"'A clear gift is not to be cut down by anything which does not, with reasonable certainty, indicate an intention to cut it down.' Pitts v. Campbell, 173 Ala. 604, 55 So. 500; O'Connell v. O'Connell, 196 Ala. 224, 72 So. 81." ·

We do not think that there is any thing in the will, or in the condition or surroundings of the testator which would show, or tend to show, that the words of survivorship were used in any other sense than in their primary and ordinary sense, nor do we find any thing in the will or agreed statement of facts which brings the devise to the testator's six named children within any exception to the general rule that words of survivorship employed in a will relate to the death of the testator.

There is nothing in the third paragraph of the second clause of said will which militates against the above conclusion. In fact, the reasons set forth in said paragraph for devising the property to his six children by his first wife but fortify and strengthen the conclusion that it was the intention of the testator to give to his said six named children absolute title to the property, provided they survived him, and that the provision "dying without issue" relates and refers to the death of the testator.

In this third paragraph, the testator states that, by reason of certain properties turned over to him by his first wife, and used by him, he was then indebted to his said children (by his first wife) in the amount of ten thousand dollars, together with the interest thereon, from the time that it was turned over to him by his first wife.

This statement of his indebtedness to his six children by his first wife is significant, and is quite persuasive that it was the testator's purpose to give the property to the six named children, by his first wife, absolutely and without limitation, if they should survive him, and if any should die without children before taking, the survivors should take the interest of the one so dying; and if any should die before taking but leaving descendants, such descendants should take the share of the deceased parent.

We, therefore, hold that the six named devisees in the second paragraph of the will of the said John L. Alexander having each survived the testator, took the property bequeathed them in fee simple, share and share alike.

Our conclusion is, and we so hold, that the interests of the respective parties in the lands described in the bill, under the will of John L. Alexander, deceased, and the agreed statement of facts, are:

The complainant, John A. Alexander, owns a one-sixth interest under the will, that as an heir at law of Rebecca Alexander, deceased, he acquired a one-thirtieth interest, and that by the will of his sister, the said Mattie A. Alexander, he acquired her interest, which was a one-sixth, plus a one-thirtieth interest inherited from her deceased sister Rebecca Alexander, thus making his entire interest in said property twelve-thirtieths; that the one-sixth un-

divided interest of Charles D. Alexander in said lands passed to the said Nellie M. Alexander, the wife of said Charles D. Alexander under the latter's will; that the one-sixth undivided interest of Peyton E. Alexander in said lands passed to the said Amelia Gaskell Alexander, the wife of said Peyton E. Alexander under the latter's will; that the appellees, John L. Alexander, Robert M. Alexander, Martha Alexander, Peyton Alexander and Nellie Alexander, the children and only heirs at law of Robert M. Alexander, deceased, acquired jointly by inheritance from their said father a one-sixth undivided interest in said lands and also acquired jointly a one-thirtieth undivided interest in said lands as heirs at law of the said Rebecca Alexander, deceased, and thus they now own jointly a one-sixth plus a one-thirtieth undivided interest; that the two appellees, Cecil Alexander and Shirley Alexander, half brothers of the said Rebecca Alexander, deceased, inherited from the said Rebecca Alexander, each, one-thirtieth undivided interest in said lands, and now own the same.

The decree of the circuit court was not in accord with the foregoing holding, and it must be, and is, reversed, and a decree will be here entered in accordance with the foregoing opinion.

The cost accruing on this appeal will be here taxed against the appellees, John L., Robert M., Martha, Peyton and Nellie Alexander.

Reversed and rendered.

THOMAS, BOULDIN, and BROWN, JJ., concur.