16 So.2d 399

**WHITE et al. v. FOWLER.**

3 Div. 401.

Supreme Court of Alabama.

Jan. 20, 1944.

Thos. B. Hill, Jr., Wm. Inge Hill, and J. T. Stovall, all of Montgomery, for appellants.

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

FOSTER, Justice.

The controversy in this case is controlled by a proper construction of the will of

Burrel B. McElvin, which is in the following terms:

"Item 1st. After all my just debts are paid, I will and bequeath to my three single daughters, viz: Emily, Lara and Therresee McElvin all my real and personal property, to have and to hold during their single state of life for their natural support and benefit.

"Item 2. I also will that at my decease that my daughter Emily shall enter upon and take full possession and control over all my estate and effects both real and personal and manage the same just as her own judgment may dictate to the best interest and benefit of *the those* herein before mentioned.

"Item 3d. Now should my said daughter Emily either marry or die, in the event, the next eldest daughter Laura should she be still in the single state and living, enter upon and control the said farm and premises as Emily had before done, and in the event of the death or marriage of my daughter Laura then it shall be the duty of my daughter Theresee, should she be single and living to enter likewise upon the farm and premises and discharge duties as the others have heretofore done. And after the death or marriage of the last one of my daughters as hereinbefore mentioned, then shall my estate both personal and real descend to my heirs in common.

"Item 5th. Be it known that in no case whatever shall my real estate be subject to any debt, whether contracted for the furtherance the farm or otherwise.

"Item 6th. And I also further provide that as either one of three daughters above mentioned shall marry or all three, they shall each receive as they may so marry one feather bed and furniture together with two cows with or without calves as it may be convenient making them equal with my other daughters who have heretofore married."

The parties stipulated as follows:

"That on May 22nd, 1875, Burrel B. McElvin was the owner of the property that is described in the bill of complaint, and on that date and while such owner he duly made and executed his last will and testament which was duly attested by three witnesses. A copy of this will appears in respondent Fowler's answer to this bill of complaint; that at the time he made this will his sole and only next of kin were his six daughters, Ellen McElvin Gibson, Winnie McElvin Cannon, Emily McElvin (who is referred to in said will as Emily), Fannie McElvin Owen, Laura McElvin (who is referred to in said will as Lara or Laura) and Theresa McElvin (who is referred to in said will as Therresee or Theresee); that he died on January 9th, 1880 while the owner of this property and when about seventy years of age. The will shortly thereafter was duly proved and admitted to probate in the Probate Court of Montgomery County; that at the time of his death his sole and only heirs at law were his said six daughters above named; all were then married except Emily and Theresa, shortly thereafter Emily married and Theresa then went into possession of the property. Theresa never married. She died on September 8th, 1936.

"Respondent Fowler claims title to and ownership of the property by reason of the fact that these six daughters and the respective husbands of those who were married conveyed the property as set forth in respondent Fowler's answer, and it is through these conveyances as set forth in respondent Fowler's answer that she claims title."

In the light of those facts the only question before us is to determine the meaning of the last sentence in item three of the will in the following language: "And after the death or marriage of the last one of my daughters as herein above mentioned (that is, the three named as being then unmarried) then shall my estate both personal and real descend to my heirs in common." At the time of the death of the last of three who were not then married, September 8, 1936, some of the other sisters had died and left heirs, but all six survived the testator. The question is whether the will vested a remainder in the sisters effective in interest at the time of the death of the testator, or whether such interest was contingent upon them being alive and an heir of the testator at the time the last of the three unmarried sisters should lose her prior possessory right. The court held that the remainder vested in all the six daughters at the time of the death of testator. In this we concur.

The principle is supported by authority without apparent conflict, that if there is nothing in the will itself or in the facts surrounding the testator, which clearly show a contrary conclusion, since the

effect of a will is the date of the death of the testator, such a clause vests immediately at testator's death an interest in the devisees whose right to possession and enjoyment is postponed until the time designated to occur. 33 Amer.Jur. 597, 598, 599, section 137.

■ It is noted that there is in this will no survivorship as a condition to the rights of his "heirs" as devisees. When there is an estate devised, with a limitation over to testator's heirs or others, depending on the contingency that the prior devisee shall die without issue, or that such "heirs" or others shall survive the devisee, the question of whether those who were such "heirs" of testator at the time of his death took a vested remainder or one contingent on surviving the first taker after testator's death has given rise to much discussion in this State. Smith v. Smith, 139 Ala. 406, 36 So. 616; Id., 157 Ala. 79, 47 So. 220, 25 L.R.A.,N.S., 1045; Dickson v. Dickson, 178 Ala. 117, 59 So. 58; Burleson v. Mays, 189 Ala. 107, 66 So. 36; Darrow v. City of Florence, 206 Ala. 675, 91 So. 606 (see the discussion of this case in Ussery v. Darrow, 238 Ala. 67, 188 So. 885); Spira v. Frenkel, 210 Ala. 27, 97 So. 104. Many other cases are cited in Alexander v. Alexander, 239 Ala. 76, 193 So. 736, 738, to which reference is here made.

Those cases show that the question has been fully settled that "words of survivorship in a will, unless there is manifest intent to the contrary, always relate to the death of the testator." Alexander v. Alexander, supra.

Those cases proceed on the theory that a will speaks as of the date of the death of the testator, and survivorship therefore is as of that date unless a contrary intent is apparent in the form of the will itself, or the surroundings of the testator material in that respect.

■ We have here (we repeat) no provision for survivorship, expressed in the will. It provides for the testator's "heirs," but not conditioned upon survival at any time. The will is that the testator's "heirs" are to have his property at the end of the preceding particular period. One's "heirs" are "those who, in the absence of a will, are appointed by law to inherit his real estate." Hatter v. Quina, 216 Ala. 225, 113 So. 47, 48; Abrahams v. Abrahams, 219 Ala. 533, 122 So. 625.

■ The testator here is trying to designate those who are to have his estate after the three named girls shall marry or die without marrying. He had three other girls who were married. The will did not provide that the remainder shall be for those who might qualify as his heirs when the preceding estate falls in, as if testator's death had then occurred. When a man dies, his heirs are then ascertainable, and their personnel does not shift on account of the subsequent death of one of them. If one such heir should thereafter die, his heirs are not heirs of the first decedent, but inherit from their immediate ancestor, subject to the administration of his estate. All six daughters here outlived testator, and were his "heirs" and no one else became his heir at any time. It was "my heirs" who were named as the remaindermen. This related to the date of his death to ascertain who answered to that description. His heirs are to be ascertained pursuant to the statute of descent and distribution. See Title 16, sections 1 and 2, Code of 1940. As to such remainder, it is as though he died intestate.

We see no distinction in effect between the will in the instant case and that construed as it was presented to the court in Wilson v. Ward, 224 Ala. 147, 138 So. 826. See, also, Cater v. Howard, 230 Ala. 133, 150 So. 830.

■ Our view is strengthened by another principle, viz., that the law favors the theory that an estate becomes vested at the earliest moment, and that the intent to postpone it must be clear, and not arise from mere conjecture. Duncan v. DeYampert, 182 Ala. 528, 62 So. 673; McGlathery v. Meeks, 219 Ala. 89, 121 So. 67.

The cases relied on by appellant manifested clearly a different purpose of the testator given effect by the court in interpreting the will. Wright v. City of Tuscaloosa, 236 Ala. 374, 182 So. 72; George v. Widemire, 242 Ala. 579, 7 So.2d 269. They do not in any sense control this case, or the proper interpretation of the will here involved.

The decree of the trial court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.