This case is on appeal for determination of a single issue. We are required to construe the following clause of the will of Albert Dean, who died in 1959:
 Upon the death of my brother, Howard Dean, and the termination of the life estate in my real estate bequeathed to him in this paragraph; I give, devise, and bequeath unto my beloved sisters, Mamie Dean and Georgia Dean, or to the survivor of them, all of my real estate absolutely and in fee simple. [Emphasis added.]
The life tenant, Howard Dean, died in 1977, and was predeceased by his sister, Mamie Dean. Georgia Dean yet survives as does another married sister. The question is this: Did Mamie Dean's remainder interest vest at the time of the testator's death, or was it contingent upon her surviving the life tenant, Howard Dean?
The trial court ruled that the phrase "to the survivor of them" refers to the time of the testator's death, and that upon his death, the two sisters acquired vested remainders in the property described. The appellants, however, contend that the phrase refers to the time of distribution, i.e., the death of the life tenant, Howard, and that the sisters' remainder interest did not vest until and unless they survived him.
In any question of will construction, our polestar is, of course, the intent of the testator, and where that can be ascertained from the words of the instrument, it will control.Blackwell v. Burketts, 251 Ala. 233, 36 So.2d 326 (1948). Where, as here, the words are susceptible of more than one meaning, we turn to established rules of construction.
Relevant treatises and commentaries reveal that the jurisdictions are split on the issue of whether words of survivorship refer to the time of death of the testator, or the time of distribution, where an estate intervenes between the death of the testator and the taking in possession of a gift qualified by words of survivorship. 96 C.J.S. Wills § 733 (c). Because of the presumption in favor of construing interests as vested, rather than contingent, early English decisions, and a few jurisdictions in this country, followed the rule that, in the absence of an indication of a contrary intention, words of survivorship refer to the death of the testator. 20 A.L.R.2d 830, 833 (1950). The position taken by the later English cases, the majority of American jurisdictions, and the Restatement of Property, however, is that words of survivorship presumptively refer to the time of distribution. 20 A.L.R.2d 830, 834 (1950), 2 L. Simes and A. Smith, The Law of Future Interests, § 577 (2d ed. 1956). The Restatement of Property § 251, is as follows:
 In a limitation purporting to create a remainder or an executory interest, a description of the intended takers as persons `who survive,' or who are `living,' or by any other language of the same import, but which fails to designate the time to which such takers must survive, tends to establish the time of the termination of all preceding interests as the time to which survival is required.
This Court in the early case of Smith v. Smith, 157 Ala. 79,47 So. 220 (1908), discusses the exact issue at some length, and concludes:
 The rule is that survivorship between devisees never relates to the death of the testator, unless there is no other time to which it can be referred, and that it naturally relates to the death on which a previous estate terminates and on which the new estate is limited. (157 Ala. at 88, 47 So. at 223, 224.)
That opinion also cites with approval the principles relied upon by the Court in an earlier appeal of Smith v. Smith,139 Ala. 406, 36 So. 616 (1903), although overruling their application to the facts of the case. The earlier opinion explained the rule stated as follows:
 Where [a] gift is to take effect in possession immediately upon the testator's decease, words of survivorship are regarded as intended to provide against the death of the objects of the gift in the lifetime of the testator, and prima facie refer to his death. Early English cases extended the rule to cases in which the gift was *Page 826 
postponed to a prior life estate, or other particular interest carved out. The later English cases abandoned this position and adopted the rule that whether the gift be immediate or postponed, and whether the property be real or personal, words of survivorship prima facie refer to the period of division. If there is no previous interest given, the period of division is the death of the testator, and survivors at his death take the whole, but if a previous life estate be given, then the period of division is the death of the life tenant, and survivors at such death take the whole. (139 Ala. at 413, 36 So. at 618.)
We think this is a correct statement of the law, notwithstanding some language in later cases which can be construed otherwise. Smith has been cited in support of the proposition that words of survivorship will refer to the time of distribution where an intervening estate separates the testator's death and the taking in possession of the gift.McGlathery v. Meeks, 219 Ala. 89, 121 So. 67 (1929). But it has also been cited as supporting the contention that words of survivorship refer to the time of death of the testator. Earlier cases properly applied this rule to situations in which no intervening estate separated the testator's death and distribution of the gift. See Spira v. Frenkel, 210 Ala. 27,97 So. 104 (1923), Alexander v. Alexander, 239 Ala. 76,193 So. 736 (1940), White v. Fowler, 245 Ala. 209, 16 So.2d 399 (1944). However, the 1953 case of Springer v. Vickers, 259 Ala. 465,66 So.2d 740, held that words of survivorship apply to the testator's death even where a life tenancy separates the testator's death and the taking in possession of the gift. TheVickers case did not expressly mention or overrule the Smith
case, but based its holding on the general rule in favor of vested over contingent interests. Thus we have an apparent conflict between Smith and Vickers which is not materially distinguishable on the facts. However, the rationale of Vickers
is not inconsistent with that of the Smith case. Smith itself recognizes the validity of the general presumption against contingent interests, but establishes the more particularized presumption that where a testator postpones the taking effect of a bequest or a devise qualified by words of survivorship until the expiration of an intervening estate, he or she intended that the bequest or devise be contingent on the beneficiary's surviving the intervening estate. We, therefore, hold that the rule established by Smith, and followed by the majority of American jurisdictions, is still the law in Alabama.
The judgment of the trial court in this case, which is to the contrary, must be reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.