BEATTY, Justice.
This case is on appeal from a final judgment dismissing the intervention claim of the appellant, Colon Berry, to a one-sixth interest in certain real estate subject to sale for division of the proceeds. We reverse and remand.
The determination of this case depends upon the construction of the will of Louis Berry who died on October 31, 1959. The pertinent parts of the will are as follows:
“2. I own 240*4 (two hundred forty and one-fourth) acres of land in Pike County, Alabama, deeded to me by my father and mother as shown by Deed Book 72 at page 272 in the Office of the Judge of Probate of Pike County, Alabama;
“I will, devise, bequeath and convey the above property to my sisters, Addie and Alice, and my brothers, Armour, Worthy, Woodrow and Casey, share and share alike, or to their descendants per stirpes, in fee simple—
“Subject, however, that this bequest does not take effect until and at 21 years after my death (within the period not prohibited by perpetuities or otherwise)—
“During said period from my death and said 21 years the same shall be held in trust by my trustees, I herewith now name, Armour, Worthy, Woodrow and Casey, for themselves and for my above named two sisters — during said period they shall not sell, mortgage or in any way convey it or incumber it — they may rent it out and sell the timber except 21 pines, long leaf, known as Alvins pines about one-fourth mile from present residence, pay themselves a reasonable sum for their duties, upkeep, taxes and improvements and divide the remainder among the beneficiaries.”
On January 21, 1981, approximately 21 years after the testator’s death, Woodrow Berry filed a complaint in the Circuit Court of Pike County asking for a sale by division of the real estate bequeathed in the will. The complaint named the other beneficiaries as defendants, with the exception of Addie B. Senn, who died subsequent to the testator in 1969, leaving no descendants. On February 25,1981, Colon Berry, the sole beneficiary under the will of Addie B. Senn, filed a petition for intervention claiming a one-sixth interest in the subject property. After the trial court authorized the intervention, Colon Berry filed a memorandum brief supporting his position that the property of Louis Berry vested prior to the death of Addie B. Senn, thereby allowing her to pass her interest in the property under the terms of her will. The trial court held a hearing to determine the interest of Colon Berry in the subject property and proceeds and, thereafter, issued an order holding that (1) the will of Louis Berry expresses a clear intent to postpone the vesting of his estate until 21 years after his death; (2) the interest of Addie B. Senn in the property of Louis Berry did not vest prior to her death; and (3) Addie B. Senn, therefore, passed no interest in the property under the terms of her will to Colon Berry. The trial court also dismissed the intervention claim of Colon Berry and directed the entry of final judgment on that claim.
The dispositive issue on appeal is whether the interests of Addie B. Senn and the other beneficiaries under the Berry will vested at the time of the testator’s death or at the time specified for distribution, i.e., 21 years after the testator’s death.
In the will under consideration, the testator bequeathed the subject proper *26 ty to his named brothers and sisters in fee simple. That provision clearly imports an intention to give a vested interest. Furthermore, the testator used words of present gift. Under the language of the will the estate vests upon the death of the testator. The subsequent clause delayed the effect of the bequest until 21 years after the testator’s death. When words of futurity merely are connected to the time of enjoyment, payment or delivery of possession, the gift is vested and the postponement of possession does not render the estate contingent. Peck v. Green, 266 Ala. 321, 96 So.2d 169 (1957). Here, the words of futurity are connected to the time of enjoyment, not to the date of vesting. Furthermore, when an estate or interest is given in one clause of a will in clear and decisive terms, the interest cannot be taken away or diminished by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate. Austin v. Pepperman, 278 Ala. 551, 179 So.2d 299 (1965). In this case no intent to cut down or diminish the fee simple devise- can be found in the subsequent clause or in any other portion of the will.
Despite the words of present gift used by the testator, appellees contend that the clause deferring the effective date of the bequest made the gift contingent upon the beneficiaries’ surviving the 21-year period. Thus, according to appellees, the gift could not vest before the lapse of the intervening estate, the date when the survivors could be determined. It is true that “where a testator postpones the taking effect of a bequest or a devise qualified by words of survivorship until the expiration of an intervening estate, he or she intended that the bequest or devise be contingent on the beneficiary’s surviving the intervening estate.” Dean v. Stuckey, 380 So.2d 824, 826 (Ala.1980). (Emphasis added.) That rule, if applicable, would have prevented this estate from vesting until the lapse of the designated 21 years. However, the Berry will does not qualify the bequest by the necessary words of survivorship. Appellees’ argument, then, fails to overcome the favored presumption that the testator intended the estate to vest at the earliest possible moment, i.e., his death.
The vesting of the property interest in the beneficiaries at the testator’s death is also indicated by the fact that the testator made the same beneficiaries recipients of the income from the property during the 21-year deferral period. See Traverso v. Traverso, 99 N.J.Eq. 514, 133 A. 705 (1926), aff’d, 101 N.J.Eq. 308, 137 A. 919 (1927).
We must conclude, therefore, that the devise to the beneficiaries vested upon the testator’s death. Addie B. Senn passed her vested interest in that estate to Colon Berry. He, therefore, is entitled to her share in the division of the proceeds.
Because the construction placed upon the will is contrary to the principles expressed earlier, the decision of the trial court is reversed and this cause is remanded to allow that court to enter an order not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
FAULKNER, J., dissents.