MONROE, Judge.
In February 1997, David Cooper filed a complaint against Dean Kimbrel, John H. Kimbrel, Gladys Kimbrel, Sharon Jan Kimbrel Deck, Gladys D. Kimbrel, Ruth Shackles Kimbrel, and William Gary Kim-brel, seeking to have certain property owned at one time by Mary Ellen Kimbrel (“the Kimbrel property”) sold and the proceeds from the sale divided. Although he named her as a party, Cooper contended that Ruth Shackles Kimbrel (“Ruth”) owned no interest in the Kimbrel property.
In her answer, Ruth contended that she was entitled to compensation for improvements that she and her husband, Robert F. Kimbrel, had made to the Kimbrel property or, in the alternative, she was entitled a one-sixth interest in the Kimbrel property, representing the interest she says her husband had on his death.
Thereafter, Dean Kimbrel, Sharon Jan Kimbrel Deck, Gladys D. Kimbrel, and William Gary Kimbrel (hereinafter collectively referred to as “the Kimbrels”) filed a motion for a summary judgment against Ruth. The Kimbrels contended that Ruth could not “establish that she is entitled to a one-sixth (%) interest” in the Kimbrel property and that Ruth could not establish “that she is due reimbursement for improvements made on [the Kimbrel property].”
Ruth filed a response in opposition to the summary-judgment motion. After a hearing, the trial court determined that Ruth did not have an interest in the Kim-brel property and it entered a summary judgment for the Kimbrels. The trial court certified this order as final for purposes of an appeal, pursuant to Rule 54(b), Ala. R. Civ. P.
Ruth appeals. This case was deflected to this Court by the Alabama Supreme Court pursuant to ,§ 12-2-7(6), Ala.Code 1975.
Ruth contends that the trial court committed reversible error when it determined that she did not own a one-sixth interest in the Kimbrel property.
Our review of the record reveals the following: There were seven Kimbrel siblings: Mary Ellen Kimbrel (“Mary Ellen”), Zora L. Robinson (“Zora”), Robert F. Kimbrel (“Robert”), John H. Kimbrel (“John”), William Kimbrel (‘William”), Harrison Ray Kimbrel (“Ray”), and H. Bruce Kimbrel (“Bruce”). When Mary Ellen died, she owned over 200 acres of real property (“the Kimbrel property”). Mary Ellen’s handwritten will, which was filed with the probate court in January 1967, named Robert as executor of her estate. The will stated:
“After all my indebtedness is satisfied, I wish all monies from life insurance and bank savings to be equally divided between my brothers and sister. Namely:
“[Zora]
“[Bruce]
“[Ray]
“[John]
“[Robert]
“[William]
“I wish the farm to be held intact as long as [Robert] lives. He is to have life time occupancy of the home and assume liability for the upkeep and maintenance of the farm and retain for himself all income derived from the farm. If he wishes at any time to be relieved of this responsibility, he is to name one or more brothers of his choice to assume the management of the farm.
“If [Robert] should die all remaining brothers and sister may come to an amicable decision as to the disposition of the *1122 farm. If it is sold, the proceeds are to be divided equally between the previously named brothers and sister. In case of a deceased brother, his children are to receive his share.”
In August 1975, Ruth married Robert and they lived on the Kimbrel property. Robert and Ruth had no children. Robert died in September 1996. Robert’s will named Ruth as the executrix of Robert’s estate and his sole heir.
At Robert’s death, this only surviving siblings-were John and William. John was the only surviving sibling when this present action was filed in February 1997. Mary Ellen, Zora, Robert, and John had no children. William’s widow is Gladys D. Kimbrel and William’s children are Sharon Jan Kimbrel Deck and William Gary Kim-brel; Ray’s widow is Gladys Kimbrel and Ray’s child is Dean Kimbrel; and Bruce’s only child is dead, but he is survived by his grandson, David Cooper.
The Kimbrels contend that under the terms of Mary Ellen’s will, Ruth has no interest in the Kimbrel property because, they say, she is not a sibling of Mary Ellen nor the child of one of Mary Ellen’s siblings. The Kimbrels further contend that Robert had only a life estate in the Kim-brel property and, thus, upon his death, Robert’s interest in the property terminated.
Ruth contends that she has a one-sixth interest in the Kimbrel property because, she says, Mary Ellen’s will devised to Robert both a life estate and a one-sixth undivided remainder interest in the Kimbrel property. In her brief on appeal, Ruth states:
“It is clear that under the law [Robert] was vested with a remainder interest in the Kimbrel [property] at the death of Mary Ellen. As [Robert’s] surviving spouse and heir, [Ruth] would be entitled to Robert’s remainder interest. And thus, the [Kimbrels] were not entitled to judgment as a matter of law.”
Ruth relies upon the sentence, “If it is sold, the proceeds are to be divided equally between the previously named brothers and sister,” to support her contention that under Mary Ellen’s will the proceeds from the sale of the Kimbrel property were to be divided with Robert, who was also the life tenant. Ruth points out that Mary Ellen’s will states that the proceeds are to be “divided equally between the previously named brothers and sister,” which, she says, included Robert, and not that the proceeds are to be divided equally between the remaining brothers and sister. Ruth also points out that there is no provision in the will that conditions any sibling’s interest in the proceeds from the sale of the Kimbrel property upon that sibling being alive when the life estate ended.
Ruth also relies upon McLean v. Brasfield, 460 So.2d 153 (Ala.1984). In that case our supreme court stated:
“The question presented for review is whether under the will a remainder interest vested equally in all the testatrix’s children at the time of her death, or whether the will bequeathed the home-place equally to all her children alive at the time of the death of the last unmarried daughter. In other words, were the remainder interests vested or contingent?
[[Image here]]
“The polestar to guide a court in the construction of a will is the intent of the testator and that intent should be determined by considering the instrument as a whole and not by construing any sub-part separately. Also, ‘[u]nless the testator clearly expresses an intention to the contrary, remainders are construed as vesting at the earliest possible moment, generally the death of the testator.’ It seems clear that the testatrix intended to make certain that her unmarried daughters had a homeplace while unmarried or until they died. The only question is whether she intended that upon the termination of the posses-sory interest of the unmarried daughters, only her children who were then living should share in the property.
*1123 [[Image here]]
“We agree with the reasoning in White [v. Fowler, 245 Ala. 209, 210-11, 16 So.2d 399, 400-01 (1944)] and believe that the remainder interests here were also vested. The testatrix ... indicated that upon the death or marriage of all her unmarried daughters her property was to be divided among all of her children. The[se] provisions ... are not conditioned on the children’s surviving until the possessory interest of the unmarried daughters terminates.”
McLean, 460 So.2d at 155-56. (Citations omitted; emphasis in original.) In McLean, 460 So.2d at 156, our supreme court also stated:
“As we read sentence five [Tf any of my children shall have died prior to that time leaving issue then the issue to take the part their parent should have taken if living.’], we think the testatrix intended to make sure that if some of her children are not living at the time the possessory interest of the unmarried daughters terminates then the issue of a deceased child would take in the deceased child’s place. We understand the significance of the term ‘if living’ to be not an attempt to limit the passage of the estate to those children living when the possessory interest terminates, but an expression of the testatrix’s intent that a deceased child’s issue take the same as if the child were living. This interpretation is consistent with the intent expressed throughout the will that the testatrix sought to make special provision for her unmarried daughters and when they no longer needed such special consideration that all her children should share in her estate.”
In light of McLean, it is clear that a reading of Mary Ellen’s will indicates that she intended to grant a life estate to Robert and that when the life estate ended, “the previously named brothers and sister” (which included Robert) were to share equally in the division of the proceeds from the sale of the Kimbrel property.
Therefore, the trial court erred when it entered a summary judgment in favor of the Kimbrels. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.